ELIZABETH RILEY, administratrix, *vs.* CONNECTICUT RIVER RAILROAD COMPANY.

Hampshire.    Sept. 18. — 19, 1883.    FIELD & W. ALLEN, JJ., absent.

An action cannot be maintained against a railroad corporation for personal injuries occasioned to a brakeman in its employ by being struck by a bridge, while on a moving train, and resulting in his death, if the evidence wholly fails to show that he was using due care, or that his death was not instantaneous.

TORT, by the administratrix of the estate of John Riley, for personal injuries sustained by her intestate in his lifetime, while a brakeman upon a freight train of the defendant corporation. The declaration alleged that the injuries were caused by the intestate coming in contact with a bridge, which he was required to pass while in the discharge of his duties, and which was negligently maintained by the defendant. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff offered to prove that the accident which caused the intestate's death occurred at about eleven o'clock in the morning of July 29, 1881, at or near a bridge which crossed the defendant's railroad at Bernardston, and that he died the same day; that he had 'been in the defendant's employ about six weeks prior to the time of the accident; that, at the time of the accident, the train was running in a northerly direction, at the rate of fifteen miles an hour; that the intestate was on the train in the regular discharge of his duties; that the train consisted of twelve or fifteen cars, the first of which, next to the tender of the engine, was a close or box car, and next to said

box car in the rear was a platform car without sides; that the intestate was last seen alive within about a quarter of a mile southerly of said bridge, at which time he left the tender of the locomotive and got upon the box car which was next in the rear of said tender, and was standing on the box car in the regular discharge of his duties; that he was next seen dead on the track, about one hundred rods on the northerly side of the bridge, after the train had passed it, and when found the body was so mutilated that it could be recognized only by the clothing; that there was no blood on the track within about sixty rods north of the bridge, but, for the distance of about forty rods farther to the north, to the place where the body was found, there was blood on the track; that there was blood on the trucks of the platform car; that after the body of the intestate was found, his watch was found on the platform car, and his watch-chain, knife and bunch of keys were found scattered on the track from sixty to one hundred rods north of the bridge; that the bridge was only sixteen feet above the rails or track of the road; that the defendant was legally bound to maintain the bridge; that the car upon which the deceased was last seen standing was about ten feet and nine inches high, and so high that his person, if standing, would come in contact with the bridge at the time of passing; and that there were no warning signals, guards or "telltales" maintained on either side of the bridge to warn the brakeman of approaching danger.

Upon this offer of evidence, the plaintiff contended that the jury might infer due care and diligence on the part of the intestate; that the defendant was guilty of gross negligence, which caused the injury; and that the intestate survived the accident.

The plaintiff further contended that, if the intestate was in the exercise of due care, and the defendant was guilty of gross negligence, and thereby caused the injury, the plaintiff could recover, even if the intestate did not survive the injury.

The judge ruled that the action could not be maintained; and directed the jury to return a verdict for the defendant.

If the rulings were correct, the verdict was to stand; otherwise, a new trial to be had.

*J. B. O'Donnell,* for the plaintiff.

*G. Wells,* for the defendant.

By the Court. This case cannot be distinguished from *Corcoran* v. *Boston & Albany Railroad*, 133 Mass. 507. The evidence offered wholly fails to show that the intestate was using due care, or that his death was not instantaneous. It does not sustain the burden of proof which the law places upon the plaintiff.          *Judgment on the verdict.*