JOHN T. SHEA *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   March 12, 1891. — May 20, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Employers' Liability Act — Loss of Life — Due Care — Burden of Proof — Report after Nonsuit.*

If, in an action brought under the St. of 1887, c. 270, § 2, for causing the death of an employee, the evidence introduced is as consistent with carelessness on his part as with his exercise of due care, the plaintiff does not sustain the burden of proof, under § 1, that the deceased was in the exercise of due care and diligence at the time he was killed, and the action cannot be maintained.

TORT, under the St. of 1887, c. 270, § 2, for causing the death of Dennis Shea on November 8, 1887. Writ dated January 23, 1888. Trial in the Superior Court, before *Staples,* J., who reported the case for the determination of this court.

The report recited the following facts. The deceased at the time of his death was in the employ of the defendant, and had been for thirty years, as a draw-man or switch tender at a draw-bridge upon the defendant's railroad, situated about six hundred feet from its Charlestown station in Boston. At this point the defendant's railroad ran north and south. A shanty used by the deceased stood beside the westerly or inbound track, and about four feet from it, at a distance of about thirty-five feet from the draw. This shanty opened upon the tracks, the space between stretching along towards the draw being planked at a level with the tracks; and it had two windows, one to the south, affording a view of the draw, and the other to the north, affording a view of the westerly track for a distance of about three hundred feet. About half-way between the shanty and the draw stood a switch, on the easterly or outbound track. From three hundred to three hundred and fifty trains passed this point every day at irregular intervals, including the defendant's regular trains, trains of empty cars, shifting engines, and engines going to and from the defendant's roundhouse. Between twenty minutes of six o'clock and ten minutes of six o'clock in the evening, daily, there were due to pass this point successively over the inbound track towards Boston a train called the Medford train, another train composed of empty cars, and two engines, the first to pass being called the Lowell engine, and the other the N. G. Paul. Regarding the circumstances of the death of the deceased, the report contained the following only: "Plaintiff introduced evidence tending to show that Dennis Shea was sitting in the switch-house at and facing the northerly window; at twelve minutes of six he rose, took his lighted lantern, and passed out of the door to go to the switch above mentioned, which it was his duty then to guard. The Medford train, the train of empty cars, and two engines had at this time passed by the switch-house; he paused momentarily on the platform in front of the door, and then went on towards the switch, carrying his lantern in his hand, and when about thirty-two feet away from the door, on the inbound track, was struck and instantly killed by the engine N. G. Paul, which was backing in towards Boston on the inbound track." The N. G. Paul had no light on its tender, neither was its bell rung or its whistle sounded at the time, although it was the custom

of the road that engines backing down at this point were thus to carry a light and to ring a bell.

At the close of the evidence, the judge ruled that the action could not be maintained, and, the plaintiff having become nonsuit, reported the case for the determination of this court. If the action could be maintained, the nonsuit was to be taken off, and the case to stand for a new trial; otherwise, the nonsuit was to stand.

*F. Ranney*, for the plaintiff.

*W. I. Badger*, for the defendant.

C. ALLEN, J.   This action was brought under the employers' liability act, (St. 1887, c. 270,) and by virtue of the first section it was necessary for the plaintiff to prove that the deceased himself was in the exercise of due care and diligence at the time he was killed.   But the evidence introduced was at least as consistent with carelessness on his part as with his exercise of due care; indeed, it would seem to be more so. . Trains and engines were very frequent.   There was no legal duty to sound the whistle or ring the bell at this point.   The employment of the deceased was such as necessarily required him to look out very carefully for coming engines and trains.   There is nothing to show what pains he took to ascertain if an engine was coming. He was upon the track when the engine came along, and the rest is left for conjecture.   There is no evidence that he took such precautions as due care and diligence required of him.   The burden of proof which rested on the plaintiff upon this point was not sustained.   *Hinckley* v. *Cape Cod Railroad*, 120 Mass. 257, 262.   *Crafts* v. *Boston*, 109 Mass. 519.   *Griffin* v. *Boston & Albany Railroad*, 148 Mass. 143, 145.

Since, under the limitation of the right to bring an action to one year from the occurrence of the accident, no new action can be brought for the cause sued upon, (St. 1887, c. 270, § 3,) we have entertained the question and determined it upon its merits, although it was not strictly regular to report the case to this court upon a nonsuit.   Pub. Sts. c. 153, § 6.   *Terry* v. *Brightman*, 129 Mass. 535.

*Nonsuit to stand.*