THEODORE H. TYNDALE *vs.* OLD COLONY RAILROAD COMPANY.

JOHN DOLAN & another *vs.* SAME.

Suffolk.    March 2, 1892. — June 22, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Employers' Liability Act — Loss of Life — Due Care.*

If all the circumstances attending an accident are in evidence, the mere absence of evidence of fault on the part of the person injured may justify an inference of due care; but where there is an entire absence of evidence as to what the person killed was doing at the time of the accident, it is not enough to show that one conjecture is more probable than another in order that his administrator and next of kin may recover.  There must be some evidence to show that he was in the exercise of due care.

LATHROP, J.    These are two actions of tort, both under the St. of 1887, c. 270.    The first is brought by the administrator of the estate of Michael Dolan, and seeks to recover for the conscious suffering of the intestate, in consequence of his being struck by a locomotive engine of the defendant, through the negligence of the persons in charge thereof, and in consequence of the negligence of officers or agents having charge of the despatching of trains, the movement of cars, velocipedes, and other rolling stock.    The second action is brought under § 2 of the above named act, by the next of kin of said Dolan, and it proceeds upon the theory that Dolan was struck by the engine and instantly killed, or, if not killed at once, that he died without conscious suffering.

The two cases were tried together in the Superior Court. At the close of the plaintiff's evidence, the presiding justice ruled that there was no evidence upon which the jury could find for the plaintiff in the first case, or for the plaintiffs in the second case; and directed a verdict for the defendant in each case. The cases are before us on the plaintiffs' exceptions, which contain a full report of the evidence; and this shows the following state of facts.

Dolan was a track inspector in the employ of the defendant corporation. His duty was to run over one of the tracks of the defendant's road, between Jamaica Plain and Clarendon Hills, on a three-wheeled car, called a tricycle, which was operated by himself. On the morning of December 2, 1888, he started, at a little before six o'clock in the morning, from Jamaica Plain, for the purpose of inspecting the tracks. There were three tracks on that portion of the defendant's road which it was his duty to inspect. One of these was used by inward trains, another by outward trains, and the third was liable to be used by trains going either way. He had no directions as to which track to go on, and he chose the third track, which was liable to be used at any time, especially by construction trains or extra trains. Dolan was last seen alive by an employee of the defendant, who was a crossing tender, and the tricycle was then going at the rate of eight or ten miles an hour. About five minutes afterwards, a train consisting of a locomotive engine and caboose passed on the same track, and going in the same direction, at the rate of ten to fifteen miles an hour. This train, it is admitted, struck the tricycle, although both the engineer and fireman testify that they knew nothing about the accident until they reached Dedham, when, from indications on the locomotive engine, it was apparent that something had been struck. The train then returned to Boston; and on the way Dolan was found dead by the side of the track, and the tricycle broken.

To maintain either action, it must appear that Dolan was in the exercise of due care at the time the accident happened. There is no sufficient evidence of this. What he was doing when struck can only be conjectured. When last seen, he was five minutes ahead of the train which struck him, and going at

a rate of speed nearly as great as that of the train. If he had looked out for the train, as it was his duty to do under the rules of the defendant corporation, it is difficult to see how the accident could have happened; for his tricycle could, as the evidence shows, have easily been removed from the tracks, or he might have jumped from it. The headlight of the locomotive engine was lighted, and there was nothing to prevent its being seen. Indeed, the evidence in behalf of the plaintiffs shows that Dolan did not have his lanterns lighted either when he started or when he was last seen. If he did not have them lighted at the time of the accident, he failed in his duty, and was guilty of negligence in a particular which could not but have contributed to the accident. If we are to presume, in favor of the plaintiffs, that the same state of things existed at the time of the accident as existed five minutes before, we must presume, in favor of the defendant, that the lanterns were not lighted. Indeed, the latter presumption is corroborated by the testimony of both the engineer and the fireman of the locomotive engine, who testified that they saw no lanterns.

If all the circumstances attending the accident were in evidence, the mere absence of evidence of fault on the part of the person injured might justify an inference of due care. But where, as in this case, there is an entire absence of evidence as to what Dolan was doing at the time of the accident, it is not enough to show that one conjecture is more probable than another. There must be some evidence to show that he was in the exercise of due care. *Hinckley* v. *Cape Cod Railroad*, 120 Mass. 257. *Corcoran* v. *Boston & Albany Railroad*, 133 Mass. 507. *Riley* v. *Connecticut River Railroad*, 135 Mass. 292. *Shea* v. *Boston & Maine Railroad*, 154 Mass. 31.

We are therefore of opinion that the ruling of the court below was right; and in each case the order must be,

*Exceptions overruled.*

*S. A. Fuller*, for the plaintiffs.
*J. H. Benton, Jr.*, for the defendant.