DORA J. IRWIN *vs.* JOHN S. ALLEY & others.

Middlesex.    January 10, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Employers' Liability Act — Loss of Life — Due Care — Burden of Proof.*

If, in an action brought under the St. of 1887, c. 270, for causing the death of an employee, the evidence introduced is of such a nature that the questions how the accident happened and whether the deceased was using due care can be answered only by conjecture, the action cannot be maintained.

TORT, by the widow of William J. Irwin, under the St. of 1887, c. 270, and the amendment thereof, for causing his death on November 24, 1890.

At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. Lowell, Jr.*, (*S H. Smith* with him,) for the defendants.

*W. H. Atwood*, for the plaintiff.

HOLMES, J. This is an action brought to recover compensation for the death of the plaintiff's husband. St. 1887, c. 270. The plaintiff has had a verdict, and the question for us is whether there was any evidence sufficient to warrant it. The plaintiff was killed in a leach and cooler building attached to the defendants' tan-yard, in which he had worked from one to two years. In this building was an opening, three feet square, looking down into the tan-yard. In the bottom of the opening was a low trough leaving fifteen inches free. Above this opening, forty-six inches from the floor, was a long revolving shaft. The lengths of shafting were coupled together at their ends by iron flanged couplings bolted together by bolts and nuts, the bolts

running through the face of the couplings and parallel to the shaft. One of these couplings was over the west side of the opening, and one of the bolts projected from a quarter to a half inch beyond the safety flange, so that manifestly any one coming in contact with it while the shaft was revolving would be in great danger of being caught and whirled round. The plaintiff's husband was caught in this way, and killed. He first was seen as he was dropping from the shaft, most of his clothes having been torn off from him and wrapped around the shaft. The only occasions which the deceased had to come near the coupling was to oil the machinery, and to communicate with the men in the yard. He was not doing the former, as his oil can was found in its place. It does not appear that he was doing or attempting to do the latter, and, so far as the evidence goes, it tends to show that he had no occasion to do so. This is the plaintiff's case, and in view of the manifest dangers of a revolving shaft, whether the deceased knew of the projecting bolt or not, (*Russell* v. *Tillotson*, 140 Mass. 201,) and in view of the absence of any known occasion for the deceased to be near it, we are of opinion that the questions how the accident happened and whether the deceased was using due care can be answered . only by conjecture. This is enough to dispose of the case without going further. *Shea* v. *Boston & Maine Railroad*, 154 Mass. 31.                         *Exceptions sustained.*