*J. B. Carroll,* for the defendant.

*G. D. Robinson,* for the plaintiff.

---

MARY E. CHANDLER, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Hampden.    September 26, 27, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Loss of Life in another State — Railroad — Statute — Due Care — Conjectural Manner of Death — Action.*

In an action against a railroad corporation, under the Gen. Sts. of Conn. of 1888, §§ 1008, 1009, (providing that "all actions for injury to the person, whether the same do or do not instantaneously or otherwise result in death, . . . shall survive to his executor or administrator," and that "in all actions by an executor or administrator for injuries resulting in death from negligence, such executor or administrator may recover from the party legally in fault for such injuries" certain

damages,) for causing the death, in Connecticut, of the plaintiff's intestate, who was a brakeman in the employ of the corporation, and had his domicil in this Commonwealth, it is incumbent on the plaintiff to show that his intestate was in the exercise of due care at the time of the injury causing the death.

An action cannot be maintained against a railroad corporation for causing the death of a brakeman in its employ, who, after an accident in the night-time separating the rear portion of a train consisting of a box car and a caboose from the rest, goes forward, by direction of the conductor, with a lantern from the caboose to investigate the trouble, and is last seen alive going down the ladder on the front end of the box car, and whose dead body is afterwards found lying on the railroad track, and the cause and manner of whose death are purely conjectural.

LATHROP, J. This is an action, under the Gen. Sts. of Conn. of 1888, §§ 1008, 1009, brought by the administratrix of the estate of Henry E. Chandler, who at the time of his death had his domicil in this Commonwealth, and who was killed in Connecticut while a brakeman on the road of the defendant. It was held in *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176, that an administrator appointed in this Commonwealth could under such circumstances bring an action here.

The first question which has been argued is whether under these sections it is incumbent upon the plaintiff to show that her intestate was in the exercise of due care at the time of the injury causing the death. The sections in question are printed in full in 155 Mass. 177. We have occasion only briefly to refer to them, so far as they relate to the question before us. By § 1008, " All actions for injury to the person, whether the same do or do not instantaneously or otherwise result in death, . . . shall survive to his executor or administrator." Section 1009 provides: " In all actions by an executor or administrator for injuries resulting in death from negligence, such executor or administrator may recover from the party legally in fault for such injuries just damages not exceeding five thousand dollars."

The obvious intent of these sections is merely to make a right of action survive, whether death is instantaneous or not, and not to change the general rule of law that, in an action for a personal injury, due care on the part of the person injured must be shown.

The remaining question is whether there was any evidence for the jury that the intestate was in the exercise of due care.

The evidence tended to show the following facts. The intestate shortly before the accident was in a car called the caboose, with another brakeman and the conductor of the train. This car was at the rear of the train; next in front of it was an ordinary box car, and in front of that several other cars, the nearest one to the box car being an open coal car. At night, while the train was running about twenty-five miles an hour, a pin broke in the draw-bar of the forward end of the box car, and the train separated, the caboose and box car being left in the rear. The fact that something had happened to the train was at once known to those in the caboose. The conductor, who was the only witness for the plaintiff, apparently was aware that the train had broken in two, but it does not clearly appear that the intestate knew this, unless it is the only inference to be drawn from the testimony of the conductor hereinafter stated. When the cars broke in two, the conductor testified that he said: " Boys, there's something wrong; get on to them as quick as you can." On cross-examination he testified: "I said, ' Get on to them, or catch them up, or get on to them.' I forget now just what the phrase was. I referred to the part of the train that was left, and the part that was broken off; he understood." The intestate went out of the caboose with his lantern, and on to the box car. He was last seen alive while going down the ladder on the box car, with his lantern in his hand. This ladder was at the left hand forward end of the car. After the light was last seen, the cars went about two hundred and fifty yards, when the caboose rose up. The cars were afterwards stopped; the conductor went back nearly a quarter of a mile, and found the intestate dead on the right hand side of the track, with his right hand on the outer rail. The body had been torn open, as the conductor testified he supposed, by the brake connection, but only the right hand was crushed by the wheels. The place where the train broke in two parts and the place where the body was found were at least an eighth of a mile apart.

On the evidence for the plaintiff in this case, we are of opinion that the justice of the Superior Court who presided at the trial rightly directed a verdict for the defendant. How the intestate came to his death is purely a matter of conjecture.

There is no evidence that the ladder down which he went was defective. Whether he fell from the ladder by reason of negligence on his part, or whether, without looking to see whether the coal car was in its place, he attempted to jump upon it, is uncertain. There is an entire absence of evidence as to how the intestate happened to fall to the ground; and it is not enough to show that one conjecture is more probable than another. *Hinckley* v. *Cape Cod Railroad*, 120 Mass. 257. *Corcoran* v. *Boston & Albany Railroad*, 133 Mass. 507. *Riley* v. *Connecticut River Railroad*, 135 Mass. 292. *Shea* v. *Boston & Maine Railroad*, 154 Mass. 31. *Tyndale* v. *Old Colony Railroad*, 156 Mass. 503. *Irwin* v. *Alley*, 158 Mass. 249.

The case differs from *Thyng* v. *Fitchburg Railroad*, 156 Mass. 13, on which the plaintiff relies. The plaintiff in that case was thrown to the ground by the breaking in two of the train, and there was no uncertainty as to what he was doing at the time.

In *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379, and in *Maher* v. *Boston & Albany Railroad*, 158 Mass. 36, the plaintiff was in a place where he had a right to be, and was struck by something which he was not required to look out for.

According to the terms of the report, the entry must be,

*Verdict to stand.*

*J. B. Carroll*, for the plaintiff.
*G. D. Robinson*, for the defendant.