ROSA FELT, administratrix, *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    January 11, 1894. — May 17, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Personal Injuries — Negligence.*

In an action for personal injuries the evidence entirely failed to disclose how the accident happened, or what caused it; the plaintiff's intestate, when asked how it happened, said that he did not know, and the cause and manner of the accident were wholly matters of conjecture. There was nothing to show any defect in ways, works, or machinery of the defendant to .which it might be inferred the accident was due, nor any negligence on the part of the conductor or of any one else in charge of the train or engine.    *Held,* that the action could not be maintained.

TORT, by the administratrix of George A. Felt, for causing his death.

Trial in the Superior Court, before *Hopkins,* J., who ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions, in substance as follows.

The intestate, on September 23, 1891, while engaged in the performance of his duties as head brakeman on a freight train on the defendant's railroad, was run over, and received injuries which shortly after resulted in his death. One Quinlan, the conductor of the train, which consisted of an engine, a box car about thirty feet long, a loaded coal car, and a " buggy," testified that he directed the intestate to switch off the coal car on to a side track, and he did not see him again until he found him lying injured between the rails under the rear of the box car; that

the intestate crawled out from between the rails to the side of the track; that it appeared that a rear wheel of the box car had run over him; that the train was running about four miles an hour; that the witness examined the switch, and found it all right; that he saw that the pin which held the link connecting the box car and the coal car had not been drawn; that they were in good condition; that there were other switches on the line as near to the track as this switch, and that Felt had worked as head brakeman under him on that road one year, and that it was his duty to do the work he had directed him to do; that the deceased might have waited until the train stopped before attempting to pull the pin, but that brakemen generally pulled the pin while the cars were in motion.

John J. Fletcher, the head end brakeman, testified that he stood on top and in the middle of the box car, waiting to receive from Felt and give to the engineer the signal; that he saw Felt throw the switch, and, standing close to the car to pull the pin, give him, the witness, the signal to kick the car; that he gave the signal to the engineer, and the engineer backed the train; that he did not watch Felt after he gave the signal, but after the train had moved backward a few feet he felt the rear of the box car rise up as if it had run over something; that somebody hollered, and the train stopped; that he got off the car, and when he got to the rear of it saw Felt lying outside the rails; and that he asked Felt how it happened, and he said he did not know.

*F. M. Davis*, for the plaintiff.

*G. F. Richardson & G. R. Richardson*, (*D. M. Richardson* with them,) for the defendant.

MORTON, J.   The evidence entirely fails to disclose how the accident happened, or what caused it.   The plaintiff's intestate said, when asked how it happened, that he did not know.   The cause and manner of the accident are wholly matters of conjecture.   There is nothing in the evidence tending to show any defect in the ways, works, or machinery of the defendant to which it might be inferred that the accident was due, nor any negligence on the part of the conductor or any one else in charge of or managing the train or engine.

*Exceptions overruled.*