ALBERT W. LITTLEHALE *vs.* FREEMAN D. OSGOOD & another. BLANCHE W. LITTLEHALE *vs.* SAME.

Suffolk.    March 12, 1894. — May 17, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*False Representations — Unfit Sanitary Condition of House — Exceptions.*

In an action against a lessor, for alleged false representations that a house appurtenant to which was an old well filled with filthy matter was in a good sanitary condition, the burden of proof is on the plaintiff to show that the condition of the well, which was an adequate cause of disease, was the actual cause thereof, and it is not sufficient to show that it might have been the cause, but the fact must be proved, and the jury cannot act on mere conjecture or speculation.

An exception to a statement of undisputed evidence in a charge to the jury will not be sustained where the ruling as to its effect does not appear.

Where the question whether there is an implied warranty that premises let furnished are in a good sanitary condition does not appear to have been raised at the trial, it cannot be considered on exceptions.

TWO ACTIONS OF TORT, for alleged false representations by the lessors that a house was in good sanitary condition.    Writs dated February 12 and 13, 1891, respectively.

Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows.

On December 7, 1888, the plaintiff, Albert W. Littlehale, hired the premises, furnished, of the defendants, and with his family, including his minor child Blanche, the plaintiff in the second action, entered into occupation thereof, and continued to occupy them as a tenant at will until March 3, 1890.    On February 10, 1890, the female plaintiff became ill with diphtheria, and during her illness an inspector of the board of health of the city of Boston visited the premises, and detected an odor in a

water-closet in the basement of the house, the cause of which the defendants were ordered to remove. In digging under the wall of the basement, in obedience to the order, the defendants discovered an old well, partly beneath and partly outside the house, on the same side as the windows of the sleeping-room of the female plaintiff, but at the other end. The well was partly filled with water and fecal matter from the water-closet, causing a stench. The defendants immediately caused the well to be filled up, and the water-closet to be discontinued. When the well was discovered the water-closet was discharging into it through a lead trap in which were two holes that rendered it useless. The plaintiffs offered evidence tending to show a representation by the defendants of the good sanitary condition of the premises, made at the time when they entered into occupation of the same, which representation was denied by the defendants, and also evidence tending to show that the condition of the well was an adequate cause of diphtheria.

The plaintiff in the first action testified, on cross-examination, that he hired the premises for four months beginning December 7, 1888, under a verbal agreement, and that frequently during his occupancy there was an odor about the house which at times was very intense; that when he renewed his hiring nothing was said by either of the parties with reference to the sanitary condition of the premises; that none of his family used the basement water-closet; and that his daughter Blanche, until the time when she became ill, attended school in another part of the city, and in going to and from school rode on the street cars when she did not walk.

The defendants introduced evidence not material to be stated.

The judge instructed the jury, in substance, that the injury for which the plaintiffs sought to recover must be shown by them to be the result of a wrong on the part of the defendants; that it was not a matter for conjecture or speculation, but for proof, of which the plaintiffs must satisfy them affirmatively; and that it was not enough that the condition of the well might be one of the causes that would produce diphtheria, but it must appear that it was the actual cause, and that the diphtheria did result from it.

The judge further stated to the jury that considerable had

been said with regard to the contract of the parties; that the plaintiff in the first case said that in April, 1889, he renewed his hiring of the premises, when he told the defendants that he would take them for a year, and that at that time nothing was said in relation to the sanitary condition of the premises; and that the testimony of the defendants was not materially different, but that they said that the plaintiff in the first case hired the premises up to April 1, 1889, and at that time told them that he would take the premises for a year.

The jury returned a verdict for the defendants in both actions; and the plaintiffs alleged exceptions.

*C. E. Hellier,* for the plaintiffs.

*W. A. Morse,* for the defendants.

LATHROP, J.   These cases appear to have been tried on the count in each declaration which alleges a false representation made by the defendants to the plaintiff in the first case to the effect that the house was in good sanitary condition.   Whether such a representation was made was in controversy.   The bill of exceptions on this point is as follows : " The plaintiffs offered evidence tending to show a representation by the defendants of the good sanitary condition of the premises, made at the time when they entered into occupation of the same, which representation was denied by the defendants."

No question of law arises in the case except as to the correctness of two portions of the charge to the jury; and there is nothing to show that the extracts given contain all that was said on the subjects to which they relate.

There was evidence that the plaintiff in the second case was taken ill with diphtheria, and that, on investigation, an old well was discovered on the premises partly filled with filth and fecal matter, and there was also evidence tending to show that the condition of the well was an adequate cause of the diphtheria. There was also evidence that the plaintiff in the second case, up to the time she was taken ill, attended school in another part of the city, using the street cars when she did not walk.

The first ruling complained of was, in effect, that the burden of proof was on the plaintiffs to show that the well was the cause of the diphtheria; that the jury could not act on conjecture or speculation, but the fact must be proved; and that it was not

enough to show that it might be the cause. As we have already said, it does not appear that this was all that was said on the subject. Nor does it appear that the plaintiffs requested further instructions, which were refused.

We see no error in the instructions given. While a jury may draw inferences from facts proved, because in many cases the main fact in issue can be proved in no other way, yet it cannot act on mere conjecture or speculation. *Corcoran* v. *Boston & Albany Railroad*, 133 Mass. 507. *Tyndale* v. *Old Colony Railroad*, 156 Mass. 503. *Chandler* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 589. *Felt* v. *Boston & Maine Railroad, ante*, 311.

The remaining exception is to a portion of the judge's charge, which merely states the testimony on the question whether there was a new hiring after the plaintiff in the first case took possession of the premises. What the judge ruled that the effect of this evidence would be, which was not contradictory, does not appear.

At the argument in this court the plaintiffs contended that, as the premises were let furnished, there was an implied warranty that they were in good sanitary condition. See *Ingalls* v. *Hobbs*, 156 Mass. 348. But no question of this sort was raised at the trial, so far as the bill of exceptions shows, and we have no occasion to consider whether the doctrine of that case would apply when a house is rented for a year. *Exceptions overruled.*