## CALISTA A. GEYETTE, administratrix, *vs.* FITCHBURG RAILROAD COMPANY.

Suffolk.     November 20, 21, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Loss of Life — Railroad — Due Care — Conjectural Manner of Death
— Action.*

When a railroad freight train, consisting of two engines, twenty-two cars, and a caboose, reached a certain station in the night-time, a brakeman, whose position was on the forward part of the train, was sent forward by the conductor with orders for the engineers. As the train went on towards the next station it broke apart, leaving a portion of the cars attached to the engines, and the other cars and the caboose separated therefrom. After the train had passed this station, the brakeman, who was on the last engine looking out, said that he could not see the red light on the rear of the train, and then started back with his lantern along the top of the moving train to see if it had broken apart. The night was very dark and foggy. He was not seen alive after that, but his dead body was found in the centre of the track between the rails ; and there were indications that he struck on his feet between the tracks and was run over by that part of the train which was detached from the engines. *Held,* in an action against the railroad corporation for causing his death, that there was no evidence of due care on his part; and that the action could not be maintained.

TORT, under the employers' liability act, St. 1887, c. 270, by the administratrix of the estate of John A. Morris, for causing his death. Trial in the Superior Court, before *Dunbar,* J., who ruled that the plaintiff could not maintain her action, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*B. C. Moulton,* for the plaintiff.

*G. A. Torrey,* for the defendant.

KNOWLTON, J. The plaintiff, as next of kin, seeks to recover damages under the employers' liability act, St. 1887, c. 270, for the death of her son, John A. Morris, of whose estate she has been appointed administratrix.

To maintain an action under this statute it is necessary to prove that the employee was in the exercise of due care. He was a brakeman on a freight train of the defendant, and was run over and killed at about four o'clock in the morning of the 9th of March, 1892, by a part of the train on which he was

riding. The train consisted of two engines, twenty-two cars, and a caboose. His position as brakeman was on the forward part of the train. The train broke apart, leaving thirteen cars attached to the engines, and nine cars and the caboose in the part broken off. At Ashburnham Junction the conductor sent Morris forward with orders for the engineers, and saw him walking up the track to give them. The train went on through North Ashburnham towards Winchendon, and there was evidence tending to show that it broke apart a little before reaching North Ashburnham. There was evidence that, just after passing North Ashburnham, Morris was on the last engine looking out, and saying that he could not see the red light on the rear of the train. He then went back to see if the train had broken apart. This was a proper thing for him to do. It was then very dark and foggy. He was not seen alive after that, but his dead body was found in the centre of the track between the rails. There were indications that he struck on his feet between the tracks, and was run over by that part of the train which was detached from the engines.

If we assume in favor of the plaintiff that the separation of the parts of the train was caused by the negligence of the engineers, we find no evidence of due care on the part of Morris. His position immediately before the accident was one calling for great care. He started with his lantern on a dark and foggy night, along the top of a moving train of freight cars, to see if at any point the train had broken apart. As he approached the rear end of each car, he had no means of judging, except as he could see, whether the next car was connected with the one on which he was walking, or was following it at a distance behind. We have nothing but conjecture to guide us in trying to determine what his conduct was from the time he left the engine until he was run over. Perhaps it is a probable inference that he walked or fell off from the end of the last car of the forward part of the train; but there is no ground whatever for any inference other than mere conjecture in regard to the particulars of his conduct immediately before the accident. It would seem that if he had been going carefully, looking out to see whether there was a car behind attached to that on which he was walking, he would not have fallen from the rear of the for-

ward part of the train, and that if he had been using proper care he would not have fallen at any other point. The circumstances of the case, so far as they are disclosed, point to nothing but his own carelessness as the proximate cause of the accident. At most, the breaking apart of the train was only the remote cause, and no other culpable cause is shown in the conduct of any of the defendant's servants or agents. The immediate cause grew out of the conduct of the plaintiff's intestate, and the burden is on the plaintiff to show that his conduct was free from negligence or fault. She has failed to sustain the burden, and the case is governed by *Chandler* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 589, a case which is very similar to this in its facts. See also *Tyndale* v. *Old Colony Railroad*, 156 Mass. 503 ; *Irwin* v. *Alley*, 158 Mass. 249 ; *Felt* v. *Boston & Maine Railroad*, 161 Mass. 311.

The case differs from those in which the plaintiff is shown to have been in the performance of his duty a short time before the accident, under circumstances which did not call for any positive act of care in reference to the force which caused the accident. *Maguire* v. *Fitchburg Railroad*, 146 Mass. 379. *Maher* v. *Boston & Albany Railroad*, 158 Mass. 36. In *Thyng* v. *Fitchburg Railroad*, 156 Mass. 13, at the moment when the train broke apart the plaintiff was in the performance of his duty at the precise point where it separated, and he had no occasion to take precautions against a danger which he had no reason to anticipate.

*Exceptions overruled.*