EDWARD COX, JR., administrator, *vs.* SOUTH SHORE AND
BOSTON STREET RAILWAY COMPANY.

Plymouth.    October 21, 1902. — January 9, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Contributory.

In an action by an administrator for the death of his intestate, who was run over
and killed by an electric car of the defendant, if it appears, that the intestate
was not seen for several minutes before the accident, was last seen alive on
one side of the road, and was found dead on the other side lying across the
track after the car had struck and killed him, so that the manner in which he
got on the track and under the car is purely conjectural, there is no evidence
to go to the jury that the plaintiff's intestate was in the exercise of due care
at the time of the accident.

TORT, under St. 1886, c. 140, by the administrator of the
estate of Edward Cox for the loss of life of his intestate, alleged
to have been run over and killed by an electric car of the de-
fendant through the gross negligence of the defendant's ser-
vants.    Writ dated October 17, 1900. .

At the trial in the Superior Court *Fox*, J. refused the defend-
ant's requests for rulings and submitted the case to the jury,
who returned a verdict for the plaintiff.    The defendant alleged
exceptions, with an agreement of the parties that, if upon all
the evidence the plaintiff was not entitled to recover, judgment
should be entered for the defendant.

*H. F. Hurlburt*, (*D. E. Hall* with him,) for the defendant.

*J. E. Handrahan*, for the plaintiff.

LATHROP, J.    The accident occurred on Centre Street in the
city of Brockton near the corner of Short Street.    The latter
street is about eight hundred and forty-eight feet west of Beaver
Brook, which is the boundary line between Abington and
Brockton.    Centre Street is a country road, running through a
sparsely settled district.    It is fifty feet wide from wall to wall,
with a roadbed in the centre, and a strip of rough ground sloping
down to the wall on each side, eight to ten feet wide.    There
are no sidewalks on the street.    The roadbed of the defendant
is on the southerly side of Centre Street, the southerly rail being

about twelve feet from the wall. At the time of the accident the State highway commission was reconstructing portions of Centre Street in the vicinity of Short Street; but the surface of the highway had not been disturbed for a distance of one hundred and fifty feet easterly from Short Street. From the centre of the junction of Short Street and Centre Street, for a distance of fifty feet westerly, the centre of the street had been filled with gravel for grading. Between this and the northerly rail of the defendant's track was a strip two or three feet wide of the surface of the old road unobstructed by any gravel.

The intestate was seen before the accident, both in Abington and Brockton. When last seen, he was about two hundred feet from Short Street, walking in a westerly direction, on the north side of Centre Street. The only witnesses who saw the intestate immediately before the accident were the motorman, and a passenger who sat on the front seat of the car. The motorman testified that he first saw the intestate about twenty-five feet in front of the car, lying face downward across the southerly track, his head, shoulders and body, to just below the chest, being over the rail. The passenger on the front seat testified that he saw the body lying across the track. None of the other passengers was upon the front seat, and, although the car was an open one, no one of them saw the intestate until his body was discovered immediately in the rear of the forward truck. Some of them were witnesses for the plaintiff, and all testified that the first they knew of the accident, was the rising up of the car as if it were going over something, and those who got off the car testified that his body was found across the rail a short distance behind the front truck of the car, with the legs and lower portion of his body under the car, and with his head and shoulders south of the south rail.

Notwithstanding the testimony of the plaintiff's witnesses, the bill of exceptions states that the theory of the plaintiff was that the intestate was not run over by the car as he was lying on the track, but that he was first knocked down by the car while in an upright position, standing on or near the track. This view of the case was supported by two medical men, who examined the body soon after the accident and performed an autopsy. They testified as experts that in their opinion the injuries were caused

by the man's being struck by the car, and that he was not run over by it.

It does not seem to us, however, of any importance, on the question of due diligence on the part of the intestate, whether he was on the ground or upright when the car struck him.   The burden of proof was upon the plaintiff to show that his intestate was in the exercise of due diligence when he was killed.   There is in this case an utter failure to show this.   If we disregard entirely the testimony of the defendant's witnesses, the motor-man and the passenger on the front seat, the intestate was not seen for several minutes before the accident.   When last seen he was on the north side of the road.   When found dead he was on the south side across the track.   What he did in the meantime, what care he exercised, whether he tried to cross the tracks in front of an approaching car and fell, whether he stood too near the track with the intention of boarding the car, whether he was seized with an attack of heart disease or vertigo, are all matters upon which there is no evidence.   It is purely conjectural whether the plaintiff's intestate was in the exercise of due diligence or not; and for this reason the defendant's first request for instructions, which was that " upon all the evidence the plaintiff does not show that his intestate was in the exercise of due care at the time of the accident, and therefore is not entitled to recover," should have been given.   *Hinckley* v. *Cape Cod Railroad,* 120 Mass. 257.   *Tyndale* v. *Old Colony Railroad,* 156 Mass. 503.   *Moore* v. *Boston & Albany Railroad,* 159 Mass. 399. *Chandler* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 589.   *Murphy* v. *Boston & Albany Railroad,* 167 Mass. 64.

This view of the case renders it unnecessary to consider whether there was sufficient evidence of negligence or careless-ness of the defendant, or of the unfitness, or gross negligence or carelessness of its servants or agents.

According to the terms of the bill of exceptions, judgment is to be entered for the defendant.

*So ordered.*