MYRTLE S. DONALDSON *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    March 22, 1905. — June 22, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Negligence*, Employer's liability, Contributory.    *Evidence.    Witness.*

In an action under St. 1887, c. 270, § 2, by the widow of a brakeman against the railroad company employing him for negligently causing his death, it appeared, that as the train on which the deceased worked came into a station of the defendant a man in the uniform of an employee of the defendant was seen standing on the front platform of the forward car where the deceased usually stood, that after the train stopped the deceased was found lying on the ground between the forward car and the tender of the engine with his head crushed and that he died soon after without regaining consciousness, that the deceased was an experienced brakeman, that it was his duty to couple and uncouple the engine and cars, but that it also was a part of his duty to let the conductor or engineer know if he went between the cars.    *Held,* that there was no evidence from which a jury fairly could infer the cause of the accident or on which they could find that the deceased was in the exercise of due care.

The provision of R. L. c. 175, § 24, that a party may impeach his own witness by proof that he has at other times made statements inconsistent with his present testimony, does not make the inconsistent statements thus introduced evidence of the truth of the matter stated.

LATHROP, J.    This is an action of tort brought by the widow of Joseph L. Donaldson under the St. of 1887, c. 270, § 2, to recover for the death of her husband while in the employ of the defendant as a brakeman.    At the close of the plaintiff's evidence the judge before whom the case was tried in the Superior Court directed a verdict for the defendant, and the case is before us on the plaintiff's exceptions.

The train upon which Donaldson was working ran between Marlborough and Mansfield.    The train had two engines, and

Donaldson's position when the train was in motion was on the front platform of the forward car.   There was evidence that as the train was coming into the station at South Framingham, a man in the uniform of a railroad employee was seen standing where Donaldson usually stood.   After the train stopped, one of the brakemen, named Heath, started with his lantern to look under the cars to see that everything was right.   He found Donaldson between the forward car and the tender of the engine, lying on the ground between the tracks, and it was discovered afterwards that his head was crushed.   He was breathing, but was unconscious and died soon afterwards.   Heath notified the conductor and the fireman of the engine next to the train that a man had been hurt and not to move the engine.   The fireman gave the same warning to the engineer of the forward engine.

Donaldson was an experienced railroad man, having spent most of his life upon the Central Vermont Railroad, as brakeman and conductor, and later had come to the defendant road. He had been running on the train in question for two or three weeks.

There was evidence that it was Donaldson's duty to do the switching, coupling and uncoupling of the engine and cars, and to attach the steam hose which came from the engine.   There was also evidence that after the train had stopped it came back a little, taking up the slack, as it was called.   It also appeared in evidence that the rear cars were not sufficiently warmed, but there was no evidence that Donaldson knew this.   The evidence was uniform that after the cars stopped nothing was done to uncouple the engines or the steam hose until after the accident.

The theory of the plaintiff is that Donaldson went between the tender and the forward car in the discharge of his duty. But there is no evidence of this.   On the contrary there was a rule of the road, put in evidence by the plaintiff, which read as follows: "Never go between the cars for the purpose of coupling or uncoupling, or to make any adjustments, without first notifying the enginemen and properly protecting yourself."   There was also evidence from the conductor of the train as follows: "It was a part of the brakeman's duty to let the conductor or engineer know if he went between the cars.   Witness had warned Donaldson . . . more than once."   There was no evi-

dence that Donaldson gave any warning that he was going between the cars. If therefore he went there voluntarily, he was not in the discharge of his duty, and was guilty of negligence.

An ingenious attempt has been made by the plaintiff to show by the testimony of some of the witnesses given at an inquest held soon after the accident, that their testimony there was not in all respects in accordance with their testimony at the trial, and an attempt has been made to argue the case on the testimony at the trial as corrected by the evidence at the inquest. The evidence at the inquest was admitted under the R. L. c. 175, § 24, which reads : " The party who produces a witness shall not impeach his credit by evidence of bad character, but may contradict him by other evidence, and may also prove that he has made at other times statements inconsistent with his present testimony."

The statute allows a party to contradict his own witness, but, in the language of Mr. Justice Endicott, in *Brooks* v. *Weeks,* 121 Mass. 433, " The contradiction can have no legal tendency to establish the truth. of the subject matter of the statements.". See also *Batchelder* v. *Batchelder,* 139 Mass. 1. In other words, such evidence, though it discredits the witness, does not have the effect of independent evidence. *Manning* v. *Carberry,* 172 Mass. 432.

Upon the evidence put in by the plaintiff there is nothing, in our judgment, from which a jury could fairly infer the cause of the accident, or that Donaldson was in the exercise of due care. It was purely a matter of conjecture. *Corcoran* v. *Boston & Albany Railroad,* 133 Mass. 507. *Riley* v. *Connecticut River Railroad,* 135 Mass. 292. *Shea* v. *Boston & Maine Railroad,* 154 Mass. 31. *Tyndale* v. *Old Colony Railroad,* 156 Mass. 503. *Irwin* v. *Alley,* 158 Mass. 249. *Chandler* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 589. *Geyette* v. *Fitchburg Railroad,* 162 Mass. 549. *Murphy* v. *Boston & Albany Railroad,* 167 Mass. 64. *Dacey* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 479. *Cox* v. *South Shore & Boston Street Railway,* 182 Mass. 497.

*Exceptions overruled.*

*G. F. Ordway,* for the plaintiff.

*J. L. Hall,* for the defendant, was not called upon.