Catherine R. O'Connor, administratrix, *vs.* New York, New Haven, and Hartford Railroad Company.

Worcester.  October 2, 1905. — October 19, 1905.

Present: Knowlton, C. J., Lathrop, Hammond, Loring, & Braley, JJ.

*Negligence.*

It is not evidence of due care on the part of a teamster struck and killed by a train while attempting to drive over a private railroad crossing, that just as he was turning to cross the track and was very near it, when the train which killed him must have been in full sight if he had looked in its direction, he was seen to make a pause of a few seconds.

Hammond, J.  This was an action of tort brought under R. L. c. 111, § 267, by the administratrix of the estate of Jeremiah S. Sullivan, a teamster, to recover damages for his death.  The judge of the Superior Court at the close of the plaintiff's evidence ordered a verdict for the defendant, and the case is here on the plaintiff's exceptions.

The crossing was a private one. Previous to the accident, Sullivan had crossed it with his team twice a day almost daily for several months. The evidence fails to show what care he took before crossing. It was dark at the time of the accident. It was his duty to look and listen before crossing, and it is not shown that he did either. The only possible piece of testimony upon which it could be argued that he did either is that a witness, who at some distance was watching the team as it went along, testified that, when Sullivan was turning to cross the track and while very near it, he saw the cart turn "and there was a slight pause, not a very great pause, say a few seconds." It then "came along and it came right on the crossing." The train which killed him must then have been in full sight, and · it seems incredible that, if the pause was for the purpose of looking and listening, the intestate, who was a working man sixty-three years of age, active and apparently in the full possession of his faculties, should have failed to discover the presence of the train. It is simply mere conjecture as to whether this pause was anything more than that which naturally would be incident to the act of turning a sharp corner or to some purpose other than that of looking and listening. It cannot be said that the evidence concerning the accident was such as to meet the burden of proof incumbent upon the plaintiff to show that her intestate was in the exercise of due care. See *Tully* v. *Fitchburg Railroad*, 134 Mass. 499; *Shaw* v. *Boston & Maine Railroad*, 154 Mass. 31.

The conclusion to which we have come renders it unnecessary to consider the other grounds of defence.

*Exceptions overruled.*

*H. E. Cottle*, (*W. T. Bartlett* with him,) for the plaintiff.
*A. P. Rugg*, for the defendant.