ELLEN McCARTY *vs.* CLINTON GAS LIGHT COMPANY.

Worcester.    October 3, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Negligence. Evidence,* Presumptions and burden of proof.

To sustain an action under R. L. c. 106, § 73, by the widow of an employee against
his employer for causing the instantaneous death of her husband, the plaintiff
must show affirmatively that her husband at the time of the accident causing
his death was in the exercise of due care, and if there is an entire absence of
evidence as to what he was doing when the accident happened a verdict must
be ordered for the defendant.

TORT under R. L. c. 106, § 73, by the widow of Jeremiah
McCarty, an engineer employed by the defendant, to recover
for his instantaneous death alleged to have been caused by the
defective condition of the engine and floors of the defendant's
electric light works at Clinton by reason of the negligence of
some person in the employ of the defendant charged with the
duty of seeing that the engine and floors were in proper con-
dition.    Writ dated October 29, 1904.

At the trial in the Superior Court before *Pierce,* J. the judge
at the close of the evidence ordered a verdict for the defendant;
and the plaintiff alleged exceptions.

*J. R. Thayer, H. H. Thayer & A. T. Saunders,* for the
plaintiff.

*H. Parker, C. C. Milton & G. A. Gaskill,* for the defendant.

KNOWLTON, C. J.    It is unnecessary to consider other parts
of this case, for there is nothing to show that the plaintiff's
husband, at the time of the accident, was in the exercise of due
care.    He was found dead on the floor of the engine room, in
the passageway between the rapidly revolving fly wheel and the
wall of the building.    He was the engineer in charge of the
engine, and no one else was present at the time of the accident.
The top of his skull was cut off, and it seems likely that this
was done by the fly wheel or some of its attachments.    If it is
possible that the accident happened while the deceased was in
the exercise of due care, it is equally possible and more probable

that his negligence was one of the causes, if not the sole cause, of his death. In *Tyndale* v. *Old Colony Railroad,* 156 Mass. 503, this court said : " Where there is an entire absence of evidence as to what the person killed was doing at the time of the accident, it is not enough to show that one conjecture is more probable than another. There must be some evidence to show that he was in the exercise of due care." Similar language is used in *Gleason* v. *Worcester Consolidated Street Railway,* 184 Mass. 290. See also *Shea* v. *Boston & Maine Railroad,* 154 Mass. 31 ; *Cox* v. *South Shore & Boston Street Railway,* 182 Mass. 497, 499; *Irwin* v. *Alley,* 158 Mass. 249; *Felt* v. *Boston & Maine Railroad,* 161 Mass. 311 ; *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway,* 177 Mass. 416 ; *Murphy* v. *Boston & Albany Railroad,* 167 Mass. 64.

*Exceptions overruled.*