CHESTER McCULLOCH *vs.* INHABITANTS OF NEEDHAM.

Norfolk.    January 22, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Way,* Public: defect in highway.

In an action against a town for injuries to a boy about four years and seven months of age, who had been sent by his mother on an errand to a grocery, from an alleged defect in a highway of the defendant, consisting of a smouldering fire of dead leaves on which the plaintiff stepped and was injured, if the plaintiff does not testify, and the only evidence as to his conduct immediately before the accident is that he was seen sitting alone on a sodded strip at the side of the street and that twenty minutes or half an hour later he was heard to scream and was seen running down the street with his clothes on fire, there is no evidence for the jury that the plaintiff was in the exercise of any care, and a verdict must be ordered for the defendant; even assuming that the plaintiff was a traveller, that there was a defect in the highway and that the defendant had reasonable notice of its existence.

It here was assumed that a boy four years and seven months of age, who was sent by his mother on an errand to a grocery, was as matter of law capable of exercising some care for his own protection.

TORT under R. L. c. 51, § 18, for personal injuries suffered by the plaintiff on October 30, 1911, when he was about four years and seven months of age, by reason of an alleged defect in a public highway of the defendant known as Hillside Avenue, consisting of a smouldering fire of dead leaves on which the plaintiff stepped, whereby he was burned severely. Writ dated December 11, 1911.

In the Superior Court the case was tried before *McLaughlin,* J. The evidence is described in the opinion. One Mrs. Clews, a witness who saw the boy from the window of the house in which she lived on Hillside Avenue, testified to seeing him and later hearing him scream as described in the opinion. The bill of exceptions contained the following statement: "The boy himself did not testify, and there was no direct evidence as to what the boy was doing between the time when Mrs. Clews saw him sitting by the roadside and the time when she saw him afire some twenty minutes or half an hour afterwards."

The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*M. Coggan & G. L. Dillaway,* for the plaintiff, submitted a brief.

*W. G. Moseley,* for the defendant.

SHELDON, J. If we assume that upon this evidence it might have been found that the burning or smouldering leaves in or about the gutter constituted a defect in the way, that because the defect was created by the acts of its own employees the defendant had reasonable notice of its existence and might by reasonable care and diligence have prevented the injury to the plaintiff, and also that the plaintiff was a traveller upon the way, — R. L. c. 51, §§ 1, 18, — we are brought directly to the question whether there was sufficient evidence of due care on his part.

It of course could not have been ruled that the plaintiff's mother was guilty of negligence in sending him upon the street unattended, and that has not been contended by the defendant. It is true also that the plaintiff was required to exercise only that degree of care which reasonably was to be expected from one of his tender years; and the jury could have found that this would be but very slight care. But the difficulty is that we can find in the record no evidence of what he was doing for nearly half an

hour before the time of his injury. He had been sent by his mother on an errand to a grocery store on the west side of the street. He went to the store, found it closed, and waited for it to be opened. He next was seen sitting alone on a sodded strip on the east side of the street. Then, twenty minutes or a half hour later, he was heard to scream and was seen running down the street with his clothes on fire. What had happened in the meantime is left wholly to conjecture.

It is very possible that if there had been any evidence to show where he had been or what he had been doing just before the injury, the jury could have found that his conduct was consistent with the degree of care to which he was to be held. But we do not see how this inference could be drawn when nothing was shown as to the circumstances. Undoubtedly his conduct might have been such as to amount to negligence. *McGuiness* v. *Butler,* 159 Mass. 233. *Hayes* v. *Norcross,* 162 Mass. 546. *Holbrook* v. *Aldrich,* 168 Mass. 15. And it is equally undoubted that it was for the plaintiff to show the absence of contributory negligence on his part. *Brennan* v. *Standard Oil Co. of New York,* 187 Mass. 376, 378. *Young* v. *Small,* 188 Mass. 4. This burden cannot be said to have been sustained when there was no evidence to support it. *Tyndale* v. *Old Colony Railroad,* 156 Mass. 503. *Gleason* v. *Worcester Consolidated Street Railway,* 184 Mass. 290. *Gorham* v. *Milford, Attleborough & Woonsocket Street Railway,* 189 Mass. 275. *McCarty* v. *Clinton Gas Light Co.* 193 Mass. 76. *Lizotte* v. *New York Central & Hudson River Railroad,* 196 Mass. 519. *French* v. *Sabin,* 202 Mass. 240. *Hamma* v. *Haverhill Gas Light Co.* 203 Mass. 572. *Lydon* v. *Edison Electric Illuminating Co.* 209 Mass. 529. *Taylor* v. *Pierce Brothers,* 213 Mass. 247. *Chester* v. *W. A. Murtfeldt Co.* 216 Mass. 537. In *Tyndale* v. *Old Colony Railroad,* 156 Mass. 503, it was said: "Where . . . there is an entire absence of evidence as to what . . . [the person killed] was doing at the time of the accident, it is not enough to show that one conjecture is more probable than another. There must be some evidence to show that he was in the exercise of due care." And in *Gleason* v. *Worcester Consolidated Street Railway,* 184 Mass. 290, it was said: "If from the evidence the inference that he exercised ordinary care can be only conjectural the question ought not to be submitted to a jury." In that case the interval

of time left uncovered by the evidence was much less than in the case at bar.

The verdict for the defendant rightly was ordered.

*Exceptions overruled.*