KLANN, Administratrix, Respondent, vs. MINN, Appellant.

*October 28—November 16, 1915.*

*Death from negligence: Recovery for pain, etc.: Substantial period of suffering: Pleading.*

1. If a substantial period of suffering intervenes between an action-able personal injury and death resulting therefrom, damages may be recovered for such pain and suffering.
2. An allegation that "a few minutes" after plaintiff's decedent was caught by flames and exposed to burning in a building in which he was working "he then and there died from the effect of the flames and the burns which he received from them," sufficiently alleges that there was a substantial period of suffering between the injury and death.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.    *Affirmed.*

This is an appeal from an order overruling a demurrer to the first cause of action set up in the complaint.    The cause of action is based upon the alleged negligence of the defendant, resulting in death of the plaintiff's intestate, Arthur Klann, and the first cause of action is for damages sustained on account of pain and suffering by deceased between the time of injury and death.

The cause was submitted for the appellant on the brief of *Orth & Orth,* and for the respondent on that of *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel.

KERWIN, J.    The question involved on the demurrer is whether it appears from the first cause of action that sufficient time elapsed between the injury and death to form a basis for damages, or whether the death was instantaneous.    The cause of action demurred to alleges that the fire originated on the first floor of the building, spread to the second, then to the third floor where deceased was working; that there were no fire-escapes, and that a few minutes after deceased was caught

by the flames and exposed to the fire he died from the effects of the flames and burning; that the building was a frame building and outside of the fire limits of the city of Milwaukee; and that the fire department arrived before the building was destroyed, but not in time to save it.

It is argued that the allegation to the effect that "a few minutes after he was caught by the said flames and exposed to the said burning, he then and there died from the effect of the flames and the burns which he received from them," is not sufficient basis for damages for pain and suffering between injury and death.

It is the settled law of this state that if there be a substantial period of suffering between injury and death there may be a recovery of damages for such pain and suffering in a proper case. *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771; *Johnson v. Eau Claire,* 149 Wis. 194, 135 N. W. 481; *Moyer v. Oshkosh,* 151 Wis. 586, 139 N. W. 378.

We think the allegations of the complaint in the instant case are sufficient to admit evidence that a substantial period of suffering existed between injury and death. On demurrer admitting all the allegations of the complaint well pleaded, every reasonable intendment must be made in favor of the pleading. *Downer v. Tubbs,* 152 Wis. 177, 139 N. W. 820; *Pulp W. Co. v. Green Bay P. & F. Co.* 157 Wis. 604, 147 N. W. 1058; *Laun v. Kipp,* 155 Wis. 347, 145 N. W. 183.

Upon the allegations of the complaint the deceased died "a few minutes" after he was caught by the flames and exposed to the burning. "Few" is a relative term and of great elasticity of meaning. *Anderson v. Williams* (Pa.) 44 Wkly. Notes Cas. 418; 3 Words & Phrases, 2753.

In *Indianapolis St. R. Co. v. Robinson,* 157 Ind. 414, 61 N. E. 936, it was held that the term "few," when applied to travel on a street railroad, might mean fifty persons or five hundred.

In *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 149, 77 N. W. 748, 78 N. W. 771, this court said:

"The complaint demurred to, by sufficient allegations, shows that plaintiff's intestate was injured by actionable negligence of the defendant, and that he lived thereafter some period of time. The length of time he survived the injury is not stated and is not material except as to the damages recoverable, and that does not go to the cause of action."

See, also, the following cases: *Bancroft v. B. & W. R. Corp.* 11 Allen, 34; *Hollenbeck v. Berkshire R. Co.* 9 Cush. 478; *Tully v. Fitchburg R. Co.* 134 Mass. 499; *Chandler v. N. Y., N. H. & H. R. Co.* 159 Mass. 589, 35 N. E. 89; *Corcoran v. B. & A. R. Co.* 133 Mass. 507; *Kellow v. C. I. R. Co.* 68 Iowa, 470, 23 N. W. 740, 27 N. W. 466.

We think the plaintiff has sufficiently alleged that there was a substantial period of suffering between the injury and death, hence a good cause of action is stated.

*By the Court.*—The order appealed from is affirmed.