### Ann Connors *vs.* Sarah Holden.

Bristol.   November 1, 1890. — January 7, 1891.

Present: Field, C. J., W. Allen, C. Allen, & Knowlton, JJ.

*Negligence — Master and Servant — Variance.*

An administratrix cannot recover against an employer for negligently causing the death of her intestate by putting him to work in a dangerous place, knowing or having good reason to know that it was such, and omitting to inform him of the danger, of which he was ignorant, if the place in which the work was done was safe and proper, and the only negligence was that of the intestate's fellow servants in their manner of doing the work.

Tort, by the administratrix of the estate of James Connors, to recover for personal injuries sustained by the intestate during his lifetime while in the employ of the defendant. The declaration alleged " that said James Connors was employed by the defendant as a laborer to assist in repairing a building owned by the defendant; that it was the duty of the defendant to furnish the plaintiff's intestate with a safe and suitable place in which to perform his work, but that the defendant, wholly regardless of her duty, negligently and carelessly put the plaintiff's intestate to work in an unsafe and dangerous place; that the defendant knew, or in the exercise of reasonable care might have known, that the place where she put said James Connors to work was unsafe and dangerous, and that the said James Connors was ignorant of the fact that said place was unsafe and dangerous, and while in the exercise of reasonable care in every respect said James Connors was seriously injured and died two days after. He was injured by the building under which he was placed at work falling upon him, said building being by the defendant negligently and carelessly, imperfectly, unsafely, and improperly stayed and supported."

Trial in the Superior Court, before *Mason*, C. J., who allowed a bill of exceptions, in substance as follows.

The plaintiff offered to prove that her intestate, an adult of ordinary intelligence, was employed as a laborer in the work of taking down and reconstructing a small wooden building belonging to the defendant; that one McNeil, a carpenter, had been employed by the defendant at day wages to take down this building and to erect a new one; that one Luby had been employed by the defendant to do the mason-work; that McNeil had general oversight of the work of taking down the old building and erecting a new one, but had no oversight of the mason-work; that McNeil had another carpenter assisting him, but did the bulk of the manual work of taking down the old building himself; that all four men were working for day wages, and the defendant exercised no personal supervision over the work; that the building had been taken down excepting the roof and about three feet of the sides immediately under the roof and attached to it; that the roof and sides were supported by six posts, three on each side; that these posts were a part of the frame of the building,

and mortised into the plate supporting the roof, and that a girder three feet below the plates and extending around the building was mortised into the posts; that the work of taking down the roof was being done by McNeil by sawing off from the base of each post about three inches at a time, and while sawing, he placed an upright under said plate and under the upright a lever which raised the upright against the plate and was intended to take the strain off the post he was sawing, and off the saw; that McNeil, desiring to saw the southeast post, called for help to press upon the lever and raise the upright, and the intestate and Luby, who were at work on the cellar for the new building, came in response to his call and remained with him assisting him in taking down the roof in the way described for about three quarters of an hour; that they had gone around the building three or four times, cutting off the posts in the way described, and gradually lowering the roof; and that while they were thus employed the northeast post broke, and the roof and sides fell and struck the intestate, and inflicted the injuries for which this action is brought.

The judge ruled, upon this offer of proof, that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*J. W. Cummings & E. Higginson*, for the plaintiff.

*A. J. Jennings & J. S. Brayton, Jr.*, for the defendant.

KNOWLTON, J. The only negligence alleged against the defendant in the plaintiff's declaration is, that she put the plaintiff's intestate to work in a dangerous place, knowing, or having good reason to know, that it was dangerous, and that she negligently omitted to inform him of the danger, of which he was ignorant.

The evidence utterly fails to support the allegations of the declaration. The place in which the work was done was safe and proper, and the only negligence of which there is any evidence was that of the fellow servants of the plaintiff's intestate in their manner of doing the work in which they were all engaged. For this the defendant is not liable.

*Exceptions overruled.*