DANIEL FITZGERALD *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk.   January 19, 1892. — May 9, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Employers' Liability Act — Superintendence.*

An employer is not liable to an employee for an injury resulting from the careless manner in which the employee's fellow servants did their share of the work in which all were engaged.

If the negligence of a superintendent is relied on in an action under the St. of 1887, c. 270, for personal injuries sustained by a workman while in the defendant's employ, such negligence must be shown to have occurred, not only during the superintendence, but substantially in the exercise of it.

TORT for personal injuries occasioned to the plaintiff, on May 15, 1890, while in the defendant's employ.   The declaration was as follows :

" First count.   And the plaintiff says that he was engaged in the work of storing hay in a building off Huntington Avenue, in Boston, in said county of Suffolk, and was in the exercise of due care.   And the plaintiff says that the defendant, by its servants

and agents, had piled certain bales of hay near to where the plaintiff was working, as aforesaid, so negligently and carelessly that the same fell upon the plaintiff while so at work, and struck him upon the neck and back, thereby severely injuring him. And the plaintiff says that the cause of the falling of the said bales of hay and of the said injury was the negligence and carelessness of the defendant's servants and agents in storing and piling the said bales in an improper and unskilful manner.

" Second count.   And the plaintiff says that he was employed by the defendant to work in the defendant's building, situated off Huntington Avenue, in said Boston, and was in the exercise of due care.   And the plaintiff says that, while he was employed as aforesaid under the direction of the defendant's superintendent, certain bales of hay fell upon the plaintiff, striking him upon the neck and back, and severely injuring him. And the plaintiff says that the cause of the falling of said bales and of the said injuries was the negligence and carelessness of the said superintendent in directing the plaintiff to work in a dangerous and unsafe place, which the said superintendent knew and ought to have known to be dangerous, and of which the plaintiff was ignorant, and also by the negligence and carelessness of the defendant's superintendent in carelessly and negligently piling said bales of hay in an improper and unskilful manner.   And the plaintiff says that the principal duty of said superintendent was that of superintendence ; and the plaintiff says that within thirty days from the time of said accident and injury he gave written notice to the defendant of the time, place, and cause of said injury."

Trial in the Superior Court, before *Hopkins*, J., who, after the evidence was all in, directed a verdict for the defendant, and the plaintiff alleged exceptions.   The facts appear in the opinion.

*E. J. Jenkins & W. B. Orcutt,* for the plaintiff.

*W. Hudson,* for the defendant.

MORTON, J.   The first count in the plaintiff's declaration is at common law, and is somewhat imperfectly drawn, but has not been demurred to.   The only negligence alleged in it is that the bales of hay were piled carelessly by the defendant's servants, and by reason thereof fell on the plaintiff.   The plain-

tiff and those who piled the hay were fellow servants, and the defendant is not liable to the plaintiff for an injury resulting from the careless manner in which they did their share of the work in which all were engaged. *Hodgkins* v. *Eastern Railroad*, 119 Mass. 419. *Connors* v. *Holden*, 152 Mass. 598.

The second and remaining count is under the employers' liability act, so called (St. 1887, c. 270). The gist of the count is that the plaintiff was employed under the direction of the defendant's superintendent, that the superintendent set him to work in a dangerous place, which he knew or ought to have known was dangerous, and that the superintendent piled the hay in a careless manner. There is no evidence that the superintendent piled the hay, or had anything to do with piling it, or that he set the plaintiff to work where he was working at the time of his injury. The only direction which he gave him was, that about a week before the accident he told him to go to the hay shed and work there and stow away hay. The superintendent had nothing to do with the particular place in the shed where the plaintiff was working. The shed itself was safe. The place where the plaintiff happened to be at work was only made dangerous by the proximity of the hay which fell. Neither was there any evidence that the superintendent knew or ought to have known that the hay was liable to fall. It did not appear how long it had been liable to fall, or what was the cause of its fall. There was uncontradicted testimony that the hay was piled properly. When the negligence of a superintendent is relied on, " the negligence complained of must occur not only during the superintendence, but substantially in the exercise of it." Roberts & Wallace, Employers' Liability, (3d ed.) 265, 266. There was nothing in the case from which it fairly could be inferred that the hay fell because of negligence on the part of a superintendent.

*Exceptions overruled.*