DAVID CAHILL *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.  November 22, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence,* Employer's liability.

In an action against a railroad company by a workman employed in its freight house for personal injuries, it appeared that it was a part of the plaintiff's duty to open cars for unloading and to place a skid as a bridge between the car to be unloaded and the freight house, that in seeking a skid for this purpose

---

he went into the freight house and took one that was leaning against a row of cotton bales, and as he took it away the bales fell over on him, causing the injuries. It was contended by the plaintiff that the defendant's foreman was negligent in allowing the bales to be placed on end leaning against each other without a bulkhead of horizontal bales to support them, but there was nothing to show who directed that the bales should be placed where they were or how long they had been in the position in which they were when they fell. *Held,* that the plaintiff, in taking the skid away without looking to see how it stood against the bales and what effect its removal would have, was not in the exercise of due care, and further, that, assuming that for the foreman knowingly to have left the bales in such a position that the removal of the skid might cause them to fall would have been evidence of negligence, there was no evidence that the foreman knew of the position of the bales, so that a verdict for the defendant was ordered properly.

MORTON, J. This is an action of tort for personal injuries sustained by the plaintiff while in the defendant's employ. The plaintiff was employed in and about the defendant's freight house, and it was a part of his duty to open cars that were loaded, and to take a skid from the freight house, and place it so that it formed a bridge between the car and the freight house across which men took the freight from the car into the freight house. On the morning of the accident the plaintiff opened a car, and went into the freight house to get a skid. He took one that was leaning up against a row of cotton bales, and as he took it away the bales fell over on to him causing the injuries complained of. He testified that he took the skid as he usually did. The plaintiff contends that there was evidence of negligence on the part of the defendant and its superintendent in respect to the way in which the bales of cotton were placed. At the close of the evidence the judge ruled at the request of the defendant that the plaintiff was not entitled to recover and directed a verdict for the defendant. The case is here on exceptions by the plaintiff to the ruling thus made and the verdict thus directed.

We think that the ruling was right. It is possible that some of the reasons given for it may not have been entirely sound, but we think that the ruling itself was correct. There was no evidence of negligence on the part of the defendant. The bales of cotton as they were piled or stored in the freight house did not constitute a part of the ways, works or machinery. *Lynch v. Allyn,* 160 Mass. 248, 252 *et seq.* It is not contended that they did. The negligence relied on is that of a superintendent, or foreman, one Baker. There was evidence tending to show

that the usual way of placing or piling bales in the freight house was to stand them up in a tier against a bulkhead, as it was called, which consisted of three bales of cotton, two laid down on the floor and the other on top of them. And the negligence complained of is that the foreman either directed or allowed the bales that fell to be placed on end leaning against each other without a bulkhead to support them, or that he suffered them to stand in that way after they had been so placed without his direction. It is difficult to see how, if we understand the situation correctly, a bulkhead would of itself necessarily prevent the bales from falling. They might have been so placed against each other that even with a bulkhead the removal of the skid would cause them to fall. The plaintiff took the skid away without making any examination to see if it could be done safely. He knew that freight was liable to be moved in the freight house by other employees and by teamsters. And, though acting within the scope of his duty in doing what he did, he acted of his own motion and not from any direction or assurance given by the foreman or any one else. Ordinary prudence would seem to have required that he should not take the skid away without looking to see how it stood against the bales and what effect its removal would have upon the bales against which it was leaning. Further, there was nothing to show who directed the bales to be placed where they were, or how long they had been in the position in which they were. For aught that appears their position might have been changed by other employees or by teamsters coming to the freight house for freight, without any knowledge on the part of the foreman and under such circumstances that no negligence could be fairly imputed to him for suffering them to remain in the position in which they were, even if we assume that for the foreman knowingly to have left the bales in such a position that the removal of the skid would or might cause them to fall could have been found to be negligence on his part. See *Fitzgerald* v. *Boston & Albany Railroad,* 156 Mass. 293; *Burns* v. *Washburn,* 160 Mass. 457; *Thompson* v. *Norman Paper Co.* 169 Mass. 416.

*Exceptions overruled.*

*H. N. Allin,* for the plaintiff.

*F. N. Wier,* (*L. T. Trull* with him,) for the defendant.