GEORGE J. MACDONALD, administrator, *vs.* EDISON ELECTRIC ILLUMINATING COMPANY.

Norfolk.   January 16, 17, 1911. — March 2, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Negligence,* In use of electricity.

In an action by an administrator against an electric lighting company for the death of the plaintiff's intestate, there was evidence tending to show the following facts: The plaintiff's intestate, when killed, was an employee of a telephone company, and, for the purpose of working upon wires of his employer which were in a cable box, was upon a pole which also held a high tension wire of the defendant so placed that when the cover of the cable box was opened and raised, it would strike the defendant's wire which was on the left of the box as one faced it.   The cable box ordinarily was kept closed.   The plaintiff's intestate was seen to fall from the pole, and was found to be dead with electricity burns on the back of his left hand between the second and third fingers.   The wire of the defendant immediately after the accident was found to be exposed through the insulation at the point where the box cover would come in contact with it, and to have a piece of flesh "sizzling" upon it, while the cable box was found with its cover unfastened, but without anything having been done to

its interior. There was no other evidence as to what the plaintiff's intestate was doing when he was killed. *Held*, that there was no such evidence of due care on the part of the plaintiff's intestate as to warrant a verdict against the defendant.

TORT for the death of the plaintiff's intestate, Terrence Redmond, alleged to have been caused by his coming in contact with an electric wire of the defendant which it negligently had permitted to be improperly insulated. Writ dated September 11, 1906.

In the Superior Court the case was tried before *Sherman*, J. There was evidence tending to show the following facts:

Redmond, when killed, was, in the course of his duties as an employee of the New England Telephone and Telegraph Company, upon a pole which had four crossarms, the highest being occupied by fire alarm wires, the second and third by telephone wires, and the fourth, which was four feet and a half below the third, by two high tension and two dead wires of the defendant. The fifth crossarm was occupied by street railway wires. Below the fourth crossarm was a cable and cable box of the telephone company. The cable box had a cover which was kept fastened down so as to prevent water from getting into it. Below the cable box was a seat so placed that one could sit upon it and work upon the wires in the box. The cover of the box, when raised, would come into contact with one of the high tension wires of the defendant at a place where, there was evidence to show, there was an opening in the insulation leaving the wire exposed.

On the day of the accident Redmond had told his fellow employees that he had to make some changes in the wires in the cable box above described, and two or three moments before his death he was seen sitting before the cable box and later was seen to fall to the ground.

An examination of Redmond after his death showed burns as from electricity on the back of his left hand between the second and third fingers. An examination of the defendant's cable showed some flesh still "sizzling" on the cable at the point where the insulation was worn off. An examination of the cable box showed its cover loosened, but that nothing had been done to the wires in the interior.

At the close of the plaintiff's evidence the presiding judge ordered a verdict for the defendant and reported the case to this court for determination, as stated in the opinion.

*James J. McCarthy,* (*W. J. O'Donnell* with him,) for the plaintiff.

*H. F. Hurlburt, Jr.,* for the defendant.

MORTON, J. This is an action of tort to recover for the death of the plaintiff's intestate alleged to have been caused by the defendant's negligence at Canton on July 16, 1906. At the close of the plaintiff's evidence .the trial judge directed a verdict for the defendant and reported the case with the stipulation, agreed to by the parties, that if the ruling was wrong judgment should be entered for the plaintiff for $2,500, otherwise, for the defendant. Certain evidence was introduced at the trial subject to the defendant's exceptions, and is contained in the report. In regard to that the report has the following statement by the presiding judge: "Believing that the case should be finally decided, I have set out the said exceptions and reserve for the full court the question as to whether or not they should be considered." We construe this as meaning that if the ruling directing a verdict for the defendant was wrong as the case stands but would not be if that evidence was excluded, then the question of its admissibility is to be considered; otherwise not. We see no objection to this form of report, but we do not find it necessary to consider the question of the admissibility of the evidence since we are of opinion that as the case stands the ruling directing a verdict for the defendant was right.

We assume in favor of the plaintiff that there was evidence of negligence on the part of the defendant in suffering the insulation upon the wire to become thin and worn. One witness testified that it was worn off so that the wire was exposed at a place where the cover of the box .if swung up would strike it. But we are constrained to hold that there is no such evidence of due care on the part of the plaintiff's intestate as to warrant a verdict against the defendant. There was evidence tending to show that there was a burn caused by electricity between the second and third fingers of the left hand of the intestate, extending to the bone, and that the death of the intestate was caused by accidental electrocution. There was also evidence

tending to show that two or three minutes before his death the deceased was seen sitting on the seat facing the box. But there is no evidence as to what occurred between that time and the time when he fell to the ground. He was sent to make changes in the wires in the box. But the uncontradicted evidence showed that nothing had been done to them. One witness testified that the cover to the box was loose. But there was nothing to show whether it had been left so by some one else, or whether the box had been opened by the intestate. The plaintiff contends that the accident was caused by the raising of the cover by the intestate with his left hand, and that as he was raising the cover his left hand came in contact with the worn place on the wire and he received the shock which resulted in his death. It is possible and perhaps there is a strong probability that the accident occurred in that way. But whether it did or not is wholly a matter of conjecture, and the plaintiff has, therefore, as it seems to us, failed to sustain the burden of showing that the accident happened under such circumstances as to render the defendant liable. The entry must be judgment on the verdict.

*So ordered.*