JOSEPH A. FRANCIS, administrator, *vs.* ALDEN ROUNSEVILLE, Jr.

Plymouth. November 13, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability, Causing death, In a mill.

At the trial of an action by an administrator for the conscious suffering and death of his intestate while he was employed in a saw mill, the plaintiff in his opening statement to the jury offered to prove merely that his intestate when injured was nineteen years of age and of no experience, that he was last seen going alone into a room in the basement of the mill lighted only by a single window so covered with dirt as to make it impossible to work there without a lantern; that he was heard to say just before he entered the room, "I have been looking for it and I can't find it," or "I have been looking for it, but I will find it," and to say to the engineer, "Get out of my way; I am in a hurry;" that later his body was found under circumstances which showed that his clothing had been caught on some shafting and that he had been thrown about until he was killed; and that there was near at hand a block of wood upon which he might have stumbled. The judge at the close of the opening statement ordered a verdict for the defendant. *Held,* that the action of the judge was right, as there was no evidence offered tending to show that the intestate in the course of his employment had need to go into the room where he was killed or that his employer had sent him there, so that the defendant owed the intestate no duty to warn him in regard to the conditions in the room.

TORT for the conscious suffering and death of one Joseph H. Francis while in the defendant's employ. Writ dated August 31, 1910.

In the Superior Court, *Hardy,* J., at the close of the opening statement of the plaintiff, ordered a verdict for the defendant; and the plaintiff alleged exceptions.

---

\* The statute of Anne referred to is St. 3 & 4 Anne, c. 9.

The material facts are stated in the opinion.

The case was submitted on briefs.

*M. R. Hitch,* for the plaintiff.

*F. S. Hall & F. M. Sparrow,* for the defendant.

LORING, J. In this case there was no evidence of negligence on the part of the defendant. The plaintiff's intestate, an employee of the defendant, was seen going alone into some room beyond the "fire room" in the cellar of the defendant's sawmill. As he went into the fire room he "was heard to say, 'I have been looking for it and I can't find it' or 'I have been looking for it, but I will find it.'" In passing through the fire room "he was heard to say to the engineer, 'Get out of my way; I am in a hurry.' Shortly afterwards the machinery of the mill stopped, and the plaintiff's intestate was found dead, caught on the shafting near the coupling, under circumstances showing that he had been caught by his trousers and had been thrown about the shafting until he was killed. There was a block or log on the floor near to the coupling over which the plaintiff's intestate might have stumbled in the darkness." It is stated in the bill of exceptions in addition to the above, that the plaintiff's intestate was nineteen years of age and had no knowledge or experience with the machinery of the defendant. And, as we understand the bill of exceptions, the room in which the plaintiff's intestate was killed "was lighted by one window only, which at the time of the injury had been allowed to be covered with dirt and debris so that the room was so dark that it would be impossible to work in the same without the aid of lanterns." There was no suggestion that there had been any change in the condition of the premises since the plaintiff entered the defendant's employ.

On this state of facts we see no evidence which would warrant a finding of negligence on the part of the defendant. The darkness of the room in which the plaintiff's intestate was killed, or the block or log near the coupling, or the two in' combination are the only matters on which that could be based. Without considering other difficulties in the way of making out negligence on the defendant's part based on these matters, it is enough to say that there was no evidence that the plaintiff's intestate had occasion to go into the room where he was killed in the course of his employment, or that he was sent there by the defendant on the occasion

when he was killed. Consequently there was no duty on the defendant to give the intestate warning of the conditions there existing. *Ojala* v. *American Steel & Wire Co., ante,* 116. See also in this connection *Casey* v. *New York, New Haven, & Hartford Railroad,* 207 Mass. 443; *Lydon* v. *Edison Electric Illuminating Co.* 209 Mass. 529; *MacDonald* v. *Edison Electric Illuminating Co.* 208 Mass. 199.

*Exceptions overruled.*