SIMON RIDGE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 19, 20, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.    *Evidence,* Presumptions and burden of proof.

At the trial of an action at common law against a street railway company by an employee who was injured in a car barn by being run into by a shifting table which started unexpectedly as he was passing in front of it in the course of his duties, if the plaintiff has testified "that he could not say whether" on the occasion in question the operator of the table, a fellow servant, "started the table or whether it started up of its own accord," and the remaining evidence leaves it a matter of conjecture whether the table started automatically because of a defect in it or whether the starting was due to negligence of the fellow servant, a verdict must be ordered for the defendant; and the exclusion of evidence, offered by the plaintiff to show what might cause the table to start automatically, and also of evidence offered to show that the fellow servant before the accident had said that there was a defect in the table, is immaterial.

Rugg, C. J. This is an action of tort at common law whereby the plaintiff seeks to recover damages for personal injuries received by him while in the employ of the defendant. He worked in a car barn, in which were several parallel tracks and a shifting table. This was a platform device, whose chief elements were two rails joined firmly together in such way that they could be superimposed upon the rails of an ordinary track. On account of the tapering ends of the rails of the shifting table a car could be run upon it readily by power communicated through its own trolley. The shifting table was supported upon small wheels designed to run upon tracks at right angles to the main tracks of the barn. A controller box was on the shifting table for its operation, and from this to an overhead wire at right angles to the trolley wires was a contrivance serving as a trolley pole. The purpose of the shifting table was to move trolley cars from track to track in the barn. There was evidence that the plaintiff had been asked first to assist in moving cars by means of the shifting table two or three days before his injury, and had assisted six or eight times. At the time of the accident he was asked to "swing around" the trolley of a car on the shifting table, and (to quote from the report of the judge) "in doing this he took the trolley rope box off the end of the car and walked around; when he pulled it around, the trolley was pretty stiff, and when he got around about opposite the centre of the car, the table started up all of a sudden and caught him; that he could not say whether Lee started the table or whether it started up of its own accord." The plaintiff was injured by this starting of the table. Lee was in charge of the controller at this time. There was no other evidence than this as to the cause of this starting of the table. The antecedent and contemporaneous circumstances leave the cause of the starting wholly in doubt. There was evidence that on other occasions Lee had started the table "pretty quick" and also "very slow and smooth" and that "when he (Lee) would go to start it up you would think when he put on the power it would almost explode it . . . almost inside it would blow to pieces, you could hear it buzzing out right inside." Upon all this evidence with rational inferences in its aspect most favorable to the plaintiff, the cause of the starting of the table at the time of the plaintiff's injury was as attributable to an agency for which the defendant was not responsible as to one for which

it was responsible. The action being at common law, and not under the employers' liability act, Lee was a fellow servant of the defendant, and for his negligence in starting the table carelessly or without warning, the defendant cannot be held liable. *Zeigler* v. *Day*, 123 Mass. 152. *Connors* v. *Holden*, 152 Mass. 598. *Bjbjian* v. *Woonsocket Rubber Co.* 164 Mass. 214. *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209. *McGee* v. *Boston Cordage Co.* 139 Mass. 445. *Grebenstein* v. *Stone & Webster Engineering Co.* 205 Mass. 431, and cases cited at p. 437.

The plaintiff seeks to bring his case within the rule that the unexplained automatic starting of a machine when it should remain at rest is evidence of negligence of the person having the general care and control of the machine, and relies upon *Ryan* v. *Fall River Iron Works*, 200 Mass. 188, and *Chiuccariello* v. *Campbell*, 210 Mass. 532. But that principle has no application to the facts of the case at bar, because it is conjectural whether the machine started automatically or by reason of the act of Lee. For this reason also the evidence of the expert as to what might cause the shifting table to start automatically was excluded rightly.

The plaintiff was not required to point out the precise cause of his injury. But he did not introduce evidence enough to remove it from the realm of pure speculation or to make it any more likely that he was hurt by a cause for which the defendant was liable than by one for which no liability attached to it. Hence the direction of a verdict for the defendant * was necessary. *Childs* v. *American Express Co.* 197 Mass. 337. *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, and cases cited at p. 349. *MacDonald* v. *Edison Electrical Illuminating Co.* 208 Mass. 199. *Lydon* v. *Edison Electrical Illuminating Co.* 209 Mass. 529. *Carney* v. *Boston Elevated Railway*, 212 Mass. 179.

In this view of the case, evidence that Lee had said that the motor of the shifting table was out of order was immaterial.

*Judgment on the verdict.*

*W. B. Grant*, (*P. Mansfield* with him,) for the plaintiff.
*R. A. Stewart*, (*R. B. Hull* with him,) for the defendant.

---

* The case was tried before *Brown*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant and reported the case for determination by this court.