MARIE L. CHESTER, administratrix, *vs.* W. A. MURTFELDT
COMPANY.

Suffolk.    November 19, 20, 1913. — February 26, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Employer's, liability.   *Evidence,* Presumptions and burden of proof,
Matters of conjecture.

At the trial of an action for the death of an employee of the defendant from fall-
ing down a ventilating duct while working in a penthouse on the top of a build-
ing which the defendant was constructing, there was evidence tending to show
that the duct was in an unfinished condition with its sides projecting above the
floor of the penthouse, that it was necessary for the deceased to cross it to get to
and from an improvised bench which he was using in the penthouse, that pre-
vious to the accident he was working with a foreman and others in fastening
a cornice to the penthouse, that, the foreman and the others being called away,
he was left alone, the foreman having directed him to do some work in the pent-
house.   When next seen he was found lying dead with his head downward at
the bottom of the duct, one side of the duct which projected into the pent-
house was found bent in, a short plank which had been across the duct was
found beside him, and his bench in the penthouse was found overturned and
his tools scattered over the floor.   *Held,* that what occurred between the
time when the deceased was last seen alive and the time his body was found
was a matter of conjecture, and that it could not be said that any inference
that he was in the exercise of due care when he met his death was warranted.

BRALEY, J.   The plaintiff's intestate, a sheet metal worker,
while in one of the penthouses on the roof of a building in process
of construction, fell through a ventilating duct or vent leading to
the ground floor, dying shortly after his injuries without conscious
suffering.   A verdict was ordered for the defendant at the close
of the plaintiff's evidence, and the case is here on the report of
the presiding judge.*   It being conceded, that due notice of the
time, place and cause of the accident was given, only the questions
of the due care of the decedent and the defendant's negligence are
presented.

By St. 1909, c. 514, §§ 127, 129, under which the action is
brought, the plaintiff must introduce some evidence that her in-
testate was in the exercise of due care.   The jury could have

---

* *Wait,* J.

found, that on the day of the accident there were three benches in the house in question where he and other workmen were engaged in making metal cornices for the penthouses. The ventilating shafts or ducts, made of thin galvanized iron bolted together in sections, ran into the house where they remained in an unfinished condition with the sides or edges projecting above the floor. The door of the house on the side where the intestate's bench was placed had been securely nailed, and the only feasible access to the bench, as the jury could have found, was to enter from the unfastened door on the other side, and pass over the ducts across which planks had been laid, which the workmen used in passing from one side to the other of the house. The intestate having finished a cornice, the fastened door was pried open and the cornice taken out to be placed in position. It was laid on the roof before being put up, and the defendant's foreman, one Cox, having been called to another part of the work, said to the intestate, "You can take up where I have left off on my cornice," which was at the bench near the unfastened door. The intestate, however, continued at work putting the cornice in place, and no further account of his movements is given except that one witness saw him working at Cox's bench. It appeared in evidence, that he previously had used the planks, and an examination after his death showed, that, not having been bolted, the sides of the last section of the duct had "sprung" or bent in, the planks had been knocked or thrust off, and a short plank which had been over the duct at the centre was found on the floor below. The facts, that the intestate was found head downward at the bottom of the duct with the plank beside him, that the section of the duct was bent down, the improvised bench which he had just used, consisting of two barrels and planks across them, overturned and the tools scattered over the floor, would lead fairly to the inference that in some way he had passed on to the planks which had given way under his weight. It is urged by the plaintiff, that the accident must have happened in the course of his employment as he passed across to get his tools. But no one saw him enter the penthouse, and there is nothing to indicate that through his own inadvertence while moving within the restricted space at the bench he may not have fallen or stumbled in some way upon the planking, causing the giving way of the duct and the tilting of the short plank.

The deplorable character of the misfortune is apparent, and the counsel for the plaintiff contends, that proof of the absence of all fault is sufficient to exclude the conception of negligence. *Prince* v. *Lowell Electric Light Corp.* 201 Mass. 276, and cases cited. The difficulty with this position is, that what occurred between the time when he was last seen alive and the time when his body was found at the foot of the shaft is wholly a matter of conjecture, where one hypothesis as to what he did is as good as another, and therefore no inference of due care can be drawn affirmatively. *Ralph* v. *Cambridge Electric Light Co.* 200 Mass. 566. *French* v. *Sabin,* 202 Mass. 240. *Hamma* v. *Haverhill Gas Light Co.* 203 Mass. 572. *MacDonald* v. *Edison Electric Illuminating Co.* 208 Mass. 199. *Lydon* v. *Edison Electric Illuminating Co.* 209 Mass. 529. *Taylor* v. *Pierce Brothers,* 213 Mass. 247.

It is unnecessary to consider the question of the defendant's negligence, and there must be judgment for the defendant on the verdict.

*So ordered.*

*W. W. Clarke,* (*C. J. Muldoon, Jr.,* with him,) for the plaintiff. *C. S. Knowles,* for the defendant.