CATHERINE MOYNIHAN, administratrix, *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.     April 2, 1917. — May 25, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Causing death, Railroad.  *Evidence*, Matter of conjecture.

At the trial of an action by an administratrix against a railroad corporation to recover for the conscious suffering and death of the plaintiff's intestate while employed .by the defendant as a trackman in a freight yard, it appeared that the intestate was run over by a shifting train, consisting of an engine and several cars behind it, with one disabled car in front of the engine upon which there was no lookout.  There was evidence tending to show that members of the crew of this train saw the intestate about ten minutes before the accident, that then he was walking westerly through the yard and the train was backing easterly to get some cars upon a side track; that a few minutes later he was seen by others examining a frog of a switch at a point still farther westerly; that he was not seen again before the accident; that, after the train had backed easterly as above described, it proceeded westerly past the point where the intestate last was seen and that then it again backed easterly and stopped.  The intestate afterwards was found under the train while it was at rest.  He lived for about fifteen minutes but there was no evidence that he made any statement as to the accident.  *Held*, that it was purely a matter of conjecture how the accident happened, and that there was no evidence to warrant a finding that negligence of the defendant or of any of its employees caused the injuries or death of the plaintiff's intestate.

TORT, with a declaration in four counts described in the opinion, for the conscious suffering and death of the plaintiff's intestate, Jeremiah Moynihan.  Writ dated July 11, 1916.

In the Superior Court the case was tried before *Keating*, J. The material evidence is described in the opinion.  At the close of the evidence, the plaintiff having waived the third and fourth counts of the declaration, the jury by order of the judge returned a verdict for the defendant, and the judge reported the case for determination by this court, judgment to be entered for the defendant if the action of the trial judge was right, but, if the case should have been submitted to the jury on the first count, judgment was to be entered for the plaintiff in the sum of $3,500, and if the case should have been submitted to the jury on the second count, judgment was to be entered for the plaintiff in the sum of $500.

The case was submitted on briefs.

*J. J. Kerwin & J. C. Reilly,* for the plaintiff.

*L. T. Trull, F.·N. Wier & J. M. O'Donoghue,* for the defendant.

CROSBY, J.  This is an action to recover damages for the death and conscious suffering of the plaintiff's intestate, Jeremiah Moynihan, while he was in the employ of the defendant as a trackman in its freight yard at Lowell on June 2, 1916.

The first count is to recover for the death of the intestate, and is brought under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, and St. 1912, c. 354.  The second count is upon the liability at common law to recover for conscious suffering of the intestate.  The third and fourth counts were waived by the plaintiff at the close of the evidence.

While the defendant contended at the trial that the intestate was not in its employ at the time of the accident, it could have been found upon conflicting evidence that he was so employed.

He was run over by a shifting train known as No.. 244, and received injuries which resulted in his death.  The members of the crew of this train testified that they saw Moynihan about ten minutes before the accident; that at that time he was walking in a westerly direction through the freight yard at a point some distance east of the School Street bridge; when he was so seen the train was proceeding in an easterly direction on what was called the Concord track, and backed down a side track to get some cars; after that the train proceeded in a westerly direction; it consisted at that time of an engine drawing ten or twelve freight cars and was pushing a freight car ahead of it which had a broken draw beam on the front end or the end away from the ·engine,· and upon which there was no lookout.  There was evidence to show that when the train had reached a point in the freight yard west of the School Street bridge it stopped, and then moved back toward the east and kicked a car on to the side track, and stopped. Moynihan was found under the train while it was at rest at a point about one hundred feet west of the bridge.

The plaintiff contends that the deceased was found under the train after the movement to the west had come to a stop and before the train moved toward the east for the purpose of kicking the car upon the side track.  On the other hand it is the contention · of the defendant that the deceased was not discovered, and that

the accident did not occur, until the train had made the last movement toward the east as above described.

It does not appear that the members of the crew of this shifting train No. 244 saw Moynihan after he was seen by them (about ten minutes before the accident) walking through the freight yard in a westerly direction.

There was evidence to show that, after the deceased was seen by the train crew, he was seen by three other witnesses a few minutes before the accident. At that time he was under the School Street bridge examining a frog of a switch. All of these witnesses testified that they did not see him ·after that time until he was found lying under the train. There was no evidence to show the movements of Moynihan after he was seen by the members of the train crew and by the witnesses who saw him at the · switch, nor to indicate what he was doing after he left the switch: there was nothing to show how the accident occurred. He was conscious for about fifteen minutes after he was injured, but it does not appear that he gave any account of the accident, or that he made any statement as to the circumstances of its occurrence. There is an entire absence of evidence to show what he was doing after he was seen at the switch or how he happened to be run over by the train. It is impossible to tell from the evidence how the accident occurred: it is purely a matter of conjecture. *Corcoran* v. *Boston & Albany Railroad,* 133 Mass. 507. *Dacey* v. *New York, New Haven, & Hartford Railroad,* 168 Mass. 479. *Cox* v. *South Shore & Boston Street Railway,* 182 Mass. 497. *Donaldson* v. *New York, New Haven, & Hartford Railroad,* 188 Mass. 484. *Chester* v. *Murtfeldt,* 216 Mass. 537.

Upon this record there is no evidence to warrant a finding of negligence on the part of the defendant.

It becomes unnecessary to consider the other grounds of the defence. In accordance with the terms of the report the entry must be judgment for the defendant on the verdict.

*So ordered.*