HENRY L. HAMILTON, administrator, *vs.* BOSTON, REVERE BEACH
AND LYNN RAILROAD COMPANY.

Suffolk.    December 2, 1921. — March 1, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Negligence,* Railroad, Causing death.    *Evidence,* Presumptions and burden of proof, Matter of conjecture.

At the trial of an action by an administrator against a railroad corporation for causing the death of the plaintiff's intestate, a woman, there was evidence tending to show that at about half past nine o'clock on an evening in November the body of the decedent was found on a dirt walk, maintained by the defendant east of double tracks at a station for use of passengers arriving and departing from trains on both tracks; that when last seen alive the decedent was about three hundred and thirty-three feet from where her body was found and was on her way to the station from a house where she had been visiting, which she had left at about fifteen minutes after nine o'clock, and that she intended to take a train which was due to leave the station going southerly at twenty-four minutes after nine; that the dirt walk east of the double tracks was about two hundred and thirty-five feet long and, at its narrowest, seven feet wide and that it extended northerly to the station from a grade crossing with a highway, whence the decedent had come and thirty-three feet from which her body was found; that the train which the decedent was to take was to arrive on the track farther from this path; that the defendant till seven o'clock in the evening had maintained two lights overhanging this path, the one nearer where the decedent's body was found being sixty-eight feet northerly therefrom; that these lights were not lighted after seven o'clock; that a light was maintained by the municipality at the highway crossing; that at twenty-five minutes after nine a train arrived at and left the station going northerly on the track nearer the path; that the train that the decedent intended to take did not arrive until twenty-six minutes after nine and that persons leaving that train had found the body of the decedent; that the decedent was an elderly woman whose sight and hearing were good.    *Held,* that

(1) The extinguishing by the defendant of the light over the path did not appear to have any connection with the accident;

(2) The time and manner of the death of the decedent were left on the evidence entirely a matter of conjecture;

(3) Even assuming that the decedent was a passenger of the defendant, a finding that her death was caused by negligence of the defendant or its employees was not warranted.

TORT, by the administrator of the estate of Elizabeth J. Gilkie, for causing conscious suffering and the death of the plaintiff's

intestate in the evening of November 21, 1917. Writ dated August 5, 1918.

In the Superior Court, the action was tried before *O'Connell*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. Malley & J. N. O'Donohue*, for the plaintiff.

*T. Kelly*, for the defendant.

DE COURCY, J. At Ingalls station in Winthrop the double tracks of the Boston, Revere Beach and Lynn Railroad run north and south; the easterly track being used by trains going toward Boston, and the westerly one by trains from Boston. The station building is about fifty-eight feet to the east of the nearest rail, and across Walden Street. Two hundred and thirty-five feet south of the station a public highway, Lincoln Street, crosses the railroad tracks at right angles. Alongside and level with the easterly track a hard dirt walk or space extends from Lincoln Street northerly to a point beyond the steps opposite said station building. This walk is about seven feet four inches wide for the first one hundred and sixty feet, and then widens as it nears the steps. It is commonly used by passengers while waiting for trains going in either direction, and in boarding and alighting therefrom. Two electric lights, maintained by the town, are located on the southerly side of Lincoln Street; one near the easterly line of the railroad location, and the other at the corner of Read Street, eighty feet west of the crossing. Two other lights maintained by the railroad company hang over said walk, the first one hundred and one feet north of Lincoln Street, and the other one hundred and nineteen and nine tenths feet farther north.

At about 9:30 P.M. on November 21, 1917, the body of the plaintiff's intestate was found lying on said walk, with the head in the direction of Lincoln Street, and about thirty-three feet north from said street. At that time the light one hundred and one feet north of Lincoln Street was out. It appears that the intestate, Elizabeth J. Gilkie, was an elderly woman, whose sight and hearing were good. On the evening of her death she was visiting at a house on Beal Street, which is some distance west of the railroad. She left there at about 9:15 intending to take a

train for Winthrop Centre which was due to arrive at Ingalls station at 9:24. When last seen alive she had turned from Beal into Lincoln Street, and was about three hundred feet west of the railroad crossing. At 9:25 a train for Boston, running on the track nearest said walk, arrived at Ingalls station and departed. The train for Winthrop on the other (westerly) track did not arrive until 9:26 or later. Some persons who had left that train, and were walking toward the Lincoln Street crossing, found the body of the intestate.

Even assuming in favor of the plaintiff that his intestate had the rights of a passenger, and that he was entitled to go to the jury on the issue of her due care by virtue of G. L. c. 231, § 85, the record fails to disclose any evidence which would warrant a finding that her death was caused by the negligence of the defendant. The direct testimony is all to the contrary. The crossing tender, who lowered the gates on the approach of the trains, and later raised them, said that he looked around and saw no one. The engineer and fireman on the Boston bound train testified that the bell on the engine was rung as they approached the station; that the headlight was burning at the time, and lighted a space forty feet ahead, and two feet outside each rail; and that both were watching ahead and saw no one near the track at the point where the deceased was found. According to the fireman's testimony, he was leaning out of the window on the right hand side, and looking ahead; but he saw no one on the path for the entire distance from the Lincoln Street crossing to the steps opposite the station. They were informed of the accident when they reached the terminal at East Boston; and then examined the engine all over to see if there were any marks or blood on it, but found none. The conductor testified that while the train was at the station he stood on the path, with his lantern, and looked around, but did not see the body of the deceased. The extinguishing of the electric light north of Lincoln Street at seven o'clock, in pursuance of directions received from the fuel administrator, does not appear to have any connection with the accident. We are left entirely to guesswork when we attempt to determine when and where the deceased crossed the tracks; and what her conduct was between 9:15, when she was seen at the corner of Beal and Lincoln streets, three hundred feet west of the crossing,

and 9:30 when she was found on the walk east of the tracks, and not near the place where she would board a train for Winthrop Centre. Whether she was struck by a passing train while crossing the tracks, or fell against the Boston bound train in a moment of confusion, or came to her fatal injury in some other of various conceivable ways, is a matter of conjecture. The record discloses no facts from which a jury reasonably could infer that she came to her death by reason of negligence on the part of the defendant or its employees. *Moynihan* v. *Boston & Maine Railroad,* 227 Mass. 180. *Jabbour* v. *Central Construction Co.* 238 Mass. 453.

*Exceptions overruled.*