*Northern District*
No. 6629

**FLORENCE E. COUGHLIN**

v.

**CHESTER NEWMAN CO., INC.**

Argued: March 28, 1968 Decided: April 22, 1968

*Present:* Brooks, P.J., Yesley, Durkin, J. J.

Case tried to *Feloney, J.* in the Third District Court of Eastern Middlesex. #567 of 1966

*Brooks, P. J. This is an action of tort* in which plaintiff seeks to recover medical expenses and compensation for pain, suffering and loss of earning capacity resulting from some foreign substance lodging in her eye, said substance coming from an alleged negligent sandblasting operation by defendant. The answer is general denial.

*There was evidence tending to show the following:* On November 23, 1964 about 7 P.M. plaintiff was walking on Devonshire Street in Boston toward the Post Office building, having come out of the Colonial Lounge near the Shawmut Bank building. She was "assailed" by flying particles and was blinded temporarily in both eyes. There was a strong wind blowing. Looking up she saw a man with a blowtorch cleaning the bank building. Fire was coming out of the end of the torch. He was on a scaffold without any canvass. There were

no warning signs directing traffic. The sidewalk was blocked off at the end of the bank building. It was dark.

There was additional testimony that there were falling particles in the area where sandblasting of the bank building was being carried on at that time.

There was evidence from defendant that it was engaged in sandblasting the Shawmut building which involved forcing sand through a hose upon the surface of the building by means of air pressure. Part of Devonshire Street was roped off, but not where the plaintiff had emerged from the Colonial Lounge. No fire or blowtorch was used. Materials sometime chip off the stone, but not usually during sandblasting. Defendant's president testified that all the usual safety devices were used, including a canvass around the scaffold and that all city regulations had been complied with, and necessary permits obtained. There was evidence that other construction jobs were going on in the area.

As a result of the incident plaintiff went to a doctor who recovered a particle of foreign matter from her eye.

Defendant offered the following requests for rulings:

1. The evidence is insufficient to warrant a finding for plaintiff.

2. There is no evidence of negligence on

the defendant, hence the plaintiff cannot recover.

The court denied both requests and found as follows:

Defendant's agent was engaged in sandblasting a stone building and was negligent in failing to use a canvass to catch the sand and particles of stone, and as a result plaintiff suffered an injury to her eyes from a flying particle of sand or stone as she walked on a sidewalk which was not blocked off.

Defendant claimed to be aggrieved by the denial of its two requests.

The trial judge had before him two sets of facts, — one, that a sandblasting operation was in process on a public way without proper protection to persons in the vicinity who might be injured as was the plaintiff by flying particles produced by the sandblasting. The second set of facts is that the sandblasting operation was conducted in the usual manner with proper canvass protection to prevent injury.

The court had the right to believe all or part of the testimony of the witnesses. It could properly find that there was inadequate protection for people in the vicinity. It could believe that the operation was being conducted in the usual manner by compressed air through a hose and not by use of a blowtorch as testified by plaintiff.

Defendant's argument mainly is that the find-

ing is based purely on conjecture. If so there is, of course, no liability. *Moynihan* v. *Boston & Maine Railroad,* 227 Mass. 180, 182. *Walker* v. *Bullard,* 317 Mass. 290. There is more than mere conjecture. In short, there was sufficient evidence of negligent operation on the part of defendant and a definite causal connection between that negligent operation and plaintiff's injury.

The fact that other operations were going on in the vicinity is not persuasive. There is no evidence that they involved the presence of flying particles in the air. We do not consider that the fact of a strong wind seriously affects plaintiff's case. The relation of the wind to the accident is indeed entirely conjectural. There was no error in the denial of defendant's requests for rulings nor in the finding of the court.

Report dismissed.

ALEXANDER MACMULLAN,
  for the Plaintiff.
JOHN J. MAHONEY,
  for the Defendant.